Case Number: LACL158801    Case Title: MICHAEL KELLY ET AL VS CATHOLIC HEALTH INITIATIVES ET AL

Opened: 05-03-2024
County: Polk
Case Type: PI-MEDICAL/DENTAL MALPRACTICE    Judge: JEANIE KUNKLE VAUDT
Next Scheduled Date & Time: 2026-09-14 09:00:00   Event: JURY TRIAL
Prayer Amount: $.00

⊞ Show/Hide Participants

| File Date | Docket # | Case History |
| --- | --- | --- |
| 02-04-2026 10:48:00 AM Court | D0063 | **OTHER ORDER** GRANTING UNOPPOSED MOTION TO EXTEND EXPERT WITNESS DESIGNATION AND DISCLOSURE DEADLINES. PLTF BY 9/1/2026 AND DEFT BY 12/1/2026 Filed by: Court |
| 02-03-2026 03:37:00 PM Court | D0062 | **OTHER ORDER** ORDER GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME TO MOVE OR PLEAD. DEFENDANT PRIMARY HEALTH CARE, INC. HAS UP TO AND INCLUDING MARCH 24, 2026, WITHIN WHICH TO MOVE OR PLEAD IN RESPONSE TO PLAI Filed by: Court |
| 01-30-2026 04:33:00 PM Plaintiff | D0061 | **MOTION** PLAF/MICHAEL KELLY ET AL MOTION TO EXTEND EXPERT WITNESS DEADLINES - NOT RESISTED Filed by: KATIE MARIE NASET |
| 01-24-2026 11:45:00 AM Plaintiff | D0059 | **OTHER EVENT** CERTIFICATE OF MERIT - OLSON Filed by: KATIE MARIE NASET |
| 01-24-2026 11:45:00 AM Plaintiff | D0060 | **OTHER EVENT** CERTIFICATE OF MERIT - PRIMARY HEALTHCARE Filed by: KATIE MARIE NASET |
| 01-22-2026 03:39:00 PM Defendant | D0058 | **MOTION** UNRESISTED MOTION FOR EXTENSION OF TIME TO MOVE OR PLEAD AND TO RESPOND TO PLAINTIFFS' AMENDED PETITION Filed by: BRIAN JOHN HUMKE |
| 01-14-2026 04:14:00 PM Court | D0057 | **ORDER APPROVING WITHDRAWAL OF COUNSEL** ATTY DIANA KENNEY FOR RESPS Filed by: Court |
| 01-13-2026 03:34:00 PM Defendant | D0056 | **MOTION TO WITHDRAW COUNSEL** ATTY DIANA KENNEY, FOR CATHOLIC HEALTH INITIATIVES-IOWA CORP, DBA MERCYONE DES MOINES MEDICAL CENTER, AND IOWA MEDICAL EDUCATION COLLABORATIVE, DBA MERCYONE DES MOINES/PHC CONSORTIUM, CHRIS STANCIC Filed by: FREDERICK T HARRIS |
| 11-25-2025 03:11:00 PM Court | D0055 | **ANSWER** DEFENDANTS CATHOLIC HEALTH INITIATIVES IOWA CORP AND IOWA MEDICAL EDUCATION COLLABORATIVE, CHRISTOPHER STANCIC MD AND LEATRICE OLSON DO ANSWER AND JURY DEMAND TO PLAINTIFFS AMENDED PETITION AT LAW Filed by: Court |
| 11-25-2025 03:11:00 PM Court | D0054 | **JURY DEMAND: ANSWER** Filed by: Court |
| 11-25-2025 03:07:00 PM Court | D0052 | **ANSWER** COMMON SPIRIT HEALTH'S ANSWER AND JURY DEMAND |

Filed by: Court

| | | |
|---|---|---|
| 11-25-2025 03:07:00 PM<br>Court | D0053 | **JURY DEMAND: ANSWER**<br>Filed by: Court |
| 11-24-2025 06:58:00 PM<br>Court | D0051 | **OTHER ORDER**<br>ORDER GRANTING UNRESISTED MOTION FOR EXTENSION OF TIME TO MOVE OR LEASE. DEFENDANT PRIMARY HEALTH CARE INC SHALL HAVE UP TO AND INCLUDING JANUARY 23, 2026 TO MORE OR PLEAD. COPY NOT MAILED TO LEATR<br>Filed by: Court |
| 11-21-2025 04:25:00 PM<br>Defendant | D0050 | **MOTION**<br>MOTION FOR EXTENSION OF TIME TO MOVE OR PLEAD BY DEFT PRIMARY HEALTH CARE<br>Filed by: BRIAN JOHN HUMKE |
| 11-19-2025 10:07:00 AM<br>Defendant | D0049 | **APPEARANCE**<br>BRIAN HUMKE APPEARING FOR DEFT/PRIMARY HEALTHCARE INC<br>Filed by: BRIAN JOHN HUMKE |
| 11-11-2025 01:47:00 PM<br>Court | D0046 | **RETURN OF ORIGINAL NOTICE**<br>SERVED PRIMARY HEALTHCARE INC TO NATHANIEL SIMPSON ON 11/4/2025 $60<br>Filed by: Court |
| 11-11-2025 01:47:00 PM<br>Court | D0047 | **RETURN OF ORIGINAL NOTICE**<br>CHRISTOPHER STANCIC MD WAS SERVED PRSONAL ON 11/5/2025 $60<br>Filed by: Court |
| 11-11-2025 01:47:00 PM<br>Court | D0048 | **RETURN OF ORIGINAL NOTICE**<br>LEATRICE OLSON DO WAS SERVED PERSONAL ON 11/7/2025 $60<br>Filed by: Court |
| 10-29-2025 12:26:00 PM<br>Plaintiff | D0043 | **CIVIL ORIGINAL NOTICE**<br>ORIGINAL NOTICE - PRIMARY HEALTHCARE, INC.<br>Filed by: KATIE MARIE NASET |
| 10-29-2025 12:26:00 PM<br>Plaintiff | D0045 | **CIVIL ORIGINAL NOTICE**<br>ORIGINAL NOTICE - LEATRICE OLSON, DO<br>Filed by: KATIE MARIE NASET |
| 10-29-2025 12:26:00 PM<br>Plaintiff | D0044 | **CIVIL ORIGINAL NOTICE**<br>ORIGINAL NOTICE - CHRISTOPHER STANCIC, MD<br>Filed by: KATIE MARIE NASET |
| 10-26-2025 11:00:00 AM<br>Court | D0042 | **OTHER ORDER**<br>EXTENDING DISCOVERY DEADLINES IS GRANTED.<br>Filed by: Court |
| 10-20-2025 09:20:00 PM<br>Plaintiff | D0041 | **MOTION**<br>PLAF/ MICHAEL KELLY ET AL MOTION TO EXTEND DISCOVERY DEADLINES (DEFENDANTS POSITION UNKNOWN FOLLOWING INQUIRY)<br>**ATTACHMENT - D0041**<br>ATTACHMENT - EMAILS TO DEFENSE COUNSEL<br>Filed by: KATIE MARIE NASET |
| 10-13-2025 08:36:00 AM<br>Court | D0040 | **ORDER TO AMEND**<br>PLAINTIFFS' MOTION TO AMEND PETITION IS GRANTED<br>Filed by: Court |
| 10-01-2025 02:26:00 PM<br>Plaintiff | D0039 | **MOTION TO AMEND**<br>BY PLAINTIFF - MICHAEL KELLY<br>**ATTACHMENT - D0039**<br>EXHIBIT 1 PROPOSED AMENDED PETITION<br>**ATTACHMENT - D0039**<br>EXHIBIT 2 LETTER FROM DHHS |

Filed by: ERIN ELIZABETH JORDAN

| | | |
|---|---|---|
| 09-29-2025 01:38:00 PM<br>Plaintiff | D0038 | **NOTICE OF DISCOVERY RESPONSE**<br>PLAINTIFF'S NOTICE OF DISCOVERY RESPONSES<br>Filed by: ERIN ELIZABETH JORDAN |
| 09-22-2025 12:41:00 PM<br>Defendant | D0037 | **NOTICE OF DISCOVERY RESPONSE**<br>NOTICE OF SERVING FIRST SUPPLEMENTAL INITIAL DISCLOSURES<br>Filed by: FREDERICK T HARRIS |
| 08-27-2025 10:13:00 AM<br>Defendant | D0035 | **NOTICE**<br>NOTICE OF SERVICE OF INITIAL DISCLOSURES<br>Filed by: FREDERICK T HARRIS |
| 08-27-2025 10:13:00 AM<br>Defendant | D0036 | **NOTICE**<br>DEFENDANT'S NOTICE OF SERVICE OF DISCOVERY REQUEST DIRECTED TO PLAINTIFF'S<br>Filed by: FREDERICK T HARRIS |
| 08-13-2025 08:52:00 AM<br>Court | D0034 | **ORDER EXEMPTING FROM 1.944 DISMISSAL**<br>Filed by: Court |
| 08-12-2025 03:13:00 PM<br>Plaintiff | D0033 | **MOTION**<br>TO AVOID DISMISSAL UNDER IRCP 1.944, FILED BY THE PLAINITFF<br>Filed by: KATIE MARIE NASET |
| 08-12-2025 01:15:00 PM<br>Court | D0032 | **COMPUTER GENERATED NOTICE**<br>1.944 DISMISSAL NOTICE<br>Filed by: Court |
| 08-07-2025 11:36:00 AM<br>Plaintiff | D0031 | **NOTICE OF DISCOVERY REQUEST**<br>PLAINTIFF/ MICHAEL KELLY AS ADMINISTRATOR OF THE ESTATE OF LILA KELLY ET AL<br>Filed by: ERIN ELIZABETH JORDAN |
| 05-27-2025 09:59:00 AM<br>Court | D0030 | **OTHER ORDER**<br>EXTENDING DISCOVERY DEADLINES - PLTFS ARE 11/1/2025 & DEFT 2/1/2026<br>Filed by: Court |
| 05-13-2025 05:17:00 PM<br>Plaintiff | D0029 | **MOTION**<br>PLAF MOTION TO EXTEND DISCOVERY DEALINES - EXPERT DISCLOSURES AND DESIGNATIONS<br>Filed by: KATIE MARIE NASET |
| 04-29-2025 01:45:00 PM<br>Plaintiff | D0028 | **NOTICE**<br>OF SERVING PLAINTIFFS' INITIAL DISCLOSURES, FILED BY PLAINTIFFS/MICHAEL KELLY AS ADMINSTRATOR OF THE ESTATE OF LILA KELLY AND AS SUCCESSOR IN INTEREST OF LILA KELLY<br>Filed by: ERIN ELIZABETH JORDAN |
| 03-06-2025 10:52:00 AM<br>Defendant | D0027 | **APPEARANCE**<br>ATTYS FREDERICK HARRIS AND DIANA VAZQUEZ AYALA APPEARING FOR DEFTS CATHOLIC HEALTH INITIATIVES IOWA CORP, COMMON SPIRIT HEALTH, IOWA MEDICAL EDUCATION COLLABORATIVE<br>Filed by: FREDERICK T HARRIS |
| 10-17-2024 09:00:00 PM<br>Plaintiff | D0024 | **OTHER EVENT**<br>CERTIFICATE OF MERIT - CATHOLIC HEALTH INITIATIVES - ANCHOR-SAMUELS<br>Filed by: KATIE MARIE NASET |
| 10-17-2024 09:00:00 PM<br>Plaintiff | D0022 | **OTHER EVENT**<br>CERTIFICATE OF MERIT - CATHOLIC HEALTH INITIATIVES - MAXWELL<br>Filed by: KATIE MARIE NASET |
| 10-17-2024 09:00:00 PM<br>Plaintiff | D0026 | **OTHER EVENT**<br>CERTIFICATE OF MERIT - COMMON SPIRIT - ANCHOR-SAMUELS |

Filed by: KATIE MARIE NASET

| | | |
|---|---|---|
| 10-17-2024 09:00:00 PM<br>Plaintiff | D0025 | **OTHER EVENT**<br>CERTIFICATE OF MERIT - COMMON SPIRIT - MAXWELL<br>Filed by: KATIE MARIE NASET |
| 10-17-2024 09:00:00 PM<br>Plaintiff | D0023 | **OTHER EVENT**<br>CERTIFICATE OF MERIT - IMEC - ANCHOR-SAMUELS<br>Filed by: KATIE MARIE NASET |
| 10-17-2024 09:00:00 PM<br>Plaintiff | D0021 | **OTHER EVENT**<br>CERTIFICATE OF MERIT - IMEC - MAXWELL<br>Filed by: KATIE MARIE NASET |
| 10-01-2024 02:50:00 PM<br>Plaintiff | D0020 | **TRIAL SCHEDULING AND DISCOVERY PLAN**<br>**ATTACHMENT - D0020**<br>ATTACHMENT A<br>Filed by: KATIE MARIE NASET |
| 10-01-2024 11:07:00 AM<br>Court | D0019 | **ORDER SETTING TRIAL**<br>JURY TRIAL 09/14/2026 09:00 AM FIRST FLOOR INFO BOOTH<br>Filed by: Court |
| 09-04-2024 02:32:00 PM<br>Court | D0018 | **ORDER FOR TRIAL SCHEDULING CONFERENCE**<br>TRIAL SCHEDULING CONFERENCE 10/01/2024 11:00 AM VIA ZOOM<br>(EMAILED TO CASE COORDINATOR)<br>Filed by: Court |
| 08-19-2024 05:13:00 PM<br>Defendant | D0015 | **MOTION**<br>DEFENDANTS MOTION FOR ADDITIONAL TIME TO MOVE OR PLEAD<br>Filed by: FREDERICK T HARRIS |
| 08-19-2024 05:13:00 PM<br>Defendant | D0016 | **ANSWER**<br>DEFENDANT COMMON SPIRIT HEALTH'S ANSWER AND JURY DEMAND TO<br>PLAINTIFF'S PETITION AT LAW<br>Filed by: FREDERICK T HARRIS |
| 08-19-2024 05:13:00 PM<br>Defendant | D0014 | **ANSWER**<br>DEFENDANTS CATHOLIC HEALTH INTIATIVES-IOWA CORP. AND IOWA<br>MEDICAL EDUCATION COLLABORATIVE'S ANWER AND JURY DEMAND TO<br>PLAINTIFF'S PETITION AT LAW<br>Filed by: FREDERICK T HARRIS |
| 08-19-2024 05:13:00 PM<br>Defendant | D0017 | **JURY DEMAND: ANSWER**<br>Filed by: FREDERICK T HARRIS |
| 08-19-2024 05:13:00 PM<br>Defendant | D0013 | **JURY DEMAND: ANSWER**<br>Filed by: FREDERICK T HARRIS |
| 08-10-2024 04:22:00 PM<br>Defendant | D0012 | **NOTICE**<br>OF CHANGE OF ADDRESS FOR ATTY FREDERICK T. HARRIS<br>Filed by: FREDERICK T HARRIS |
| 08-07-2024 10:52:00 AM<br>Court | D0011 | **OTHER ORDER**<br>TO EXPEDITE DISPOSITION. IF NO ACTION IS TAKEN WITHIN<br>THIRTY (30) DAYS OF THIS ORDER, SANCTIONS MAY BE IMPOSED<br>WHICH MAY INCLUDE DISMISSAL OF THE PETITION.<br>Filed by: Court |
| 07-08-2024 09:08:00 AM<br>Court | D0010 | **OTHER ORDER**<br>GRANTING MOTION FOR ADDITIONAL TIME TO MOVE OR PLEAD<br>Filed by: Court |
| 07-03-2024 03:08:00 PM<br>Defendant | D0009 | **MOTION**<br>DEFENDANTS MOTION FOR ADDITIONAL TIME TO MOVE OR PLEAD<br>Filed by: FREDERICK T HARRIS |

| | | |
|---|---|---|
| 06-13-2024 04:04:00 PM<br>Court | D0008 | **RETURN OF ORIGINAL NOTICE**<br>CATHOLIC HEALTH INITIATIVES IOWA CORP DBA MERCY ONE DES MOINES MEDICAL CENTER SERVED BY SUBSERVE TO JOEL KISSELL ON 06/13/2024 FEES $55.00<br>Filed by: Court |
| 06-13-2024 04:04:00 PM<br>Court | D0007 | **RETURN OF ORIGINAL NOTICE**<br>IOWA MEDICAL EDUCATION COLABORATIVE DBA MERCYONE DES MOINES PHC CONSORTIUM SERVED BY SUBSERVING JOEL KISSELLO N 06/13/2024 FEES $20.00<br>Filed by: Court |
| 06-13-2024 04:04:00 PM<br>Court | D0006 | **RETURN OF ORIGINAL NOTICE**<br>COMMON SPIRIT HEALTH SERVED BY SUBSERVING JOEL KISSELL 06/13/2024 FEES $20.00<br>Filed by: Court |
| 05-03-2024 06:17:00 PM<br>Plaintiff | D0003 | **PETITION FILED: PETITION**<br>PERSONAL INJURY - MEDICAL/DENTAL MALPRACTICE<br>Filed by: ERIN ELIZABETH JORDAN |
| 05-03-2024 06:17:00 PM<br>Plaintiff | D0002 | **CIVIL ORIGINAL NOTICE**<br>Filed by: ERIN ELIZABETH JORDAN |
| 05-03-2024 06:17:00 PM<br>Plaintiff | D0001 | **CIVIL ORIGINAL NOTICE**<br>Filed by: ERIN ELIZABETH JORDAN |
| 05-03-2024 06:17:00 PM<br>Plaintiff | D0005 | **CIVIL ORIGINAL NOTICE**<br>Filed by: ERIN ELIZABETH JORDAN |
| 05-03-2024 06:17:00 PM<br>Plaintiff | D0004 | **JURY DEMAND: PETITION**<br>Filed by: ERIN ELIZABETH JORDAN |

E-FILED  2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. _____<br><br><br>**PETITION AT LAW AND JURY DEMAND** |

COME NOW PLAINTIFFS, Michael Kelly, as Personal Representative of the Estate of Lila Kelly, and Michael Kelly, individually and as Successor in Interest of Lila Kelly, and hereby state and allege as follows:

## PARTIES, JURISDICTION, and VENUE

1.      Plaintiff Michael Kelly lived in Des Moines, Polk County, Iowa at the time of the events alleged in this Petition and resides there still.

2.      Decedent Lila Kelly lived in Des Moines, Polk County, Iowa at the time of the events alleged in this Petition and at the time of her death.  She was the wife of Michael Kelly.

3.      At all times relevant to the claims made in this Petition against it, Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center ("MercyOne") was an Iowa corporation with a principal place of business in Des Moines, Polk County, Iowa.  The registered agent for the corporation is CT Corporation System, 400 E Court Avenue, Des Moines, Iowa 50309.

1

E-FILED  2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

4.      At all times relevant to the claims made in this Petition against it, Common Spirit Health was a Colorado corporation with a principal place of business in Chicago, Illinois.  The registered agent for the corporation is CT Corporation System, 400 E Court Avenue, Des Moines, Iowa 50309.  It either owned, operated or partnered with MercyOne Des Moines and/or had an agency or employment relationship with its employees.

5.      At all times relevant to the claims made in this Petition against it, Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium ("Consortium") was an Iowa corporation with a principal place of business in Des Moines, Iowa 50309.  The registered agent for the corporation is CT Corporation System, 400 E Court Avenue, Des Moines, Iowa 50309.  It either owned, operated or partnered with MercyOne Des Moines and/or had an agency or employment relationship with its employees.

6.      At all times relevant to the claims made in this Petition against Defendants, a healthcare provider – patient relationship existed between Lila Kelly and Defendants' agents and employees.

7.      Defendants MercyOne, Common Spirit Health, and the Consortium are liable for the actions and inactions of their agents and/or employees whether physicians, residents, nurses, EMTs, paramedics and/or other healthcare providers, including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., due to their actual employment, respondeat superior, apparent agency, and/or other applicable theories of vicarious liability.

8.      MercyOne, Common Spirit Health and the Consortium created, managed, owned, operated or otherwise had control over the internal medicine residency program at Des Moines Medical Center that Christopher Stancic, M.D. and/or Leatrice Olson, D.O. were a part of at the time of the events alleged in this Petition.

2

E-FILED  2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

9. All Defendants contracted with or had a relationship with entities subject to the Federal Tort Claims Act, including Primary Healthcare, Inc., Leatrice Olson, D.O. and/or Christopher Stancic, M.D.  Claims against these individuals and entity are being pursued through the Federal Tort Claims Act.

10. MercyOne, Common Spirit Health and the Consortium are not subject to the Federal Tort Claims Act.

11. Defendants and/or their agents or employees, including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., were responsible for providing medical and nursing care and treatment to Lila Kelly all times relevant to the claims made in this Petition.

12. All Defendants held themselves and their agents and employees out to the general public and Lila Kelly as qualified and competent healthcare providers who would provide healthcare services in accordance with the standard of care.

13. At the time of the events described herein, the doctors, physicians' assistants, nurses, nursing aides, pharmacists, technicians, assistants, paramedics, EMTs, agents, apparent agents, servants, employees, and other health care professionals engaged to provide professional medical care and services to Lila Kelly were acting within the scope of their agency and/or employment by Defendants.

14. At all relevant times, each and every Defendant acted as the actual, apparent, and/or ostensible agents, servants and/or employees of the other Defendants and within the scope of their agency and/or employment.

15. The damages resulting from the injuries alleged herein exceed the jurisdictional amount for small claims court.

E-FILED 2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

16. The negligent medical care alleged herein occurred in Polk County, Iowa, making venue in Polk County, Iowa appropriate.

## FACTS COMMON TO ALL CLAIMS

17. Plaintiffs re-plead the allegations contained in paragraphs 1-16 as if set forth fully herein.

18. Lila, a 68-year old female, presented for an appointment at Primary Healthcare, Inc. on May 2, 2022.

19. Lila was an established patient at Primary Health Care, Inc. having attended several appointments at Primary Health Care, Inc. during 2021-2022.

20. Lila had a history of diabetes, cardiac diagnoses, and respiratory failure.

21. Lila used home oxygen to address hypoxia associated with her respiratory failure.

22. At an appointment on June 16, 2021, it was noted in Primary Healthcare charting that Lila was medication compliant and lived independently.

23. At the June 16, 2021, appointment, Lila's vital signs were taken, and it was noted that Lila's oxygen saturation was 96% on room air.

24. At an appointment on November 8, 2021, Lila's vital signs were taken, and it was noted that Lila's oxygen saturation was 90% on room air.

25. Lila was seen at Primary Healthcare, Inc. on March 14, 2022, for follow-up following a recent hospitalization.

26. At the appointment on March 14, 2022, Lila's vital signs were taken, and it was noted that Lila's oxygen saturation was 96% on room air.

4

E-FILED 2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

27. On May 2, 2022, Lila and her husband Michael attended an appointment at Primary Healthcare, Inc. to address concerns with Lila's low oxygen saturation, even with Lila's use of her home oxygen.

28. On May 2, 2022, providers at Primary Healthcare, Inc. charted that Lila's oxygen saturation was 80% on room air.

29. At the May 2, 2022 appointment, Lila and her husband Michael reported that Lila had been experiencing oxygen levels lower than 80%.

30. Lila's oxygen levels as measured on May 2, 2022 at Primary Healthcare, Inc. presented a medical emergency.

31. Lila was seen by resident physician Dr. Christopher Stancic, M.D. on May 2, 2022.

32. Dr. Stancic documented that the care plan for Lila was to increase her home oxygen to 4 liters, and stated, "No indications for antibiotics, steroids, inhaler, or presentation to ER at this time."

33. Lila was also seen by provider Dr. Leatrice Olson, D.O. on May 2, 2022, who signed off on the resident's findings and care plan for Lila.

34. Despite Lila experiencing emergently low oxygen saturation level at Primary Healthcare on May 2, 2022, neither Dr. Olson nor resident physician Dr. Stancic called for an ambulance to transport Lila to an emergency room, nor did they instruct Lila to immediately present to an emergency room.

35. Lila's husband Michael Kelly found Lila deceased on the morning of May 4, 2022.

36. Lila experienced significant pain and suffering as well as emotional distress during the events described above due to the negligent and grossly negligent medical care provided by

5

E-FILED 2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

the Defendants as described above and throughout this Petition. Had Lila received competent timely medical treatment, she likely would have survived.

37.    Lila's husband Michael experienced severe emotional distress during the events described above due to the negligent and grossly negligent medical care as described above and throughout this Petition.

## COUNT I

## MEDICAL MALPRACTICE WRONGFUL DEATH VICAROUS LIABILITY AGAINST DEFENDANTS MERCYONE, COMMON SPIRIT HEALTH AND THE CONSORTIUM

38.    Plaintiffs re-plead the allegations set forth in paragraphs 1 through 37 as if set forth fully herein.

39.    Dr. Olson and Dr. Stancic undertook the medical care and treatment of Lila on May 2, 2022 as set forth above.

40.    Defendants MercyOne, Common Spirit Health and the Consortium either employed Dr. Olson and Dr. Stancic or had an agency relationship with them at the time of their care and treatment of Lila.

41.    Dr. Olson and Dr. Stancic owed duties to Lila to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Lila.

42.    Dr. Olson and Dr. Stancic breached their duties to Lila by falling below the standard of care in their care and treatment of her when they failed to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances. When they did so, they were acting within the course and scope of their employment or agency with MercyOne, Common Spirit Health and the Consortium.

6

43.    Dr. Olson and Dr. Stancic fell below the standard of care and were negligent and/or grossly negligent in their care and treatment of Lila in the following ways:

a.    Dr. Olson and Dr. Stancic failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

b.    Dr. Olson and Dr. Stancic failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

c.    Dr. Olson and Dr. Stancic failed to evaluate and treat Lila for hypoxia and hypoxemia.

d.    Dr. Olson and Dr. Stancic failed to identify and treat the source or cause of Lila's hypoxia and hypoxemia.

e.    Dr. Olson and Dr. Stancic otherwise failed to exercise the ordinary care and skill in keeping with their profession, and in the areas of the profession in which they specialized, and in the manner in which they diagnosed, cared for, treated, and otherwise rendered care to Lila.

44.    Defendants MercyOne, Common Sprit Health and the Consortium are therefore vicariously liable for Dr. Olson and Dr. Stancic's negligence and/or gross negligence.

45.    As a direct and proximate cause of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the Consortium are vicariously liable, Lila died.

46.    As a direct and proximate result of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the

7

E-FILED 2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

Consortium are vicariously liable, Lila's Estate and Michael Kelly incurred all damages allowable under Iowa law for medical malpractice and her wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband Michael Kelly, pre-death pain and suffering of Kelly, allowable medical expenses, and further damages to be determined and disclosed during discovery.

## COUNT II

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MICHAEL KELLY AGAINST ALL DEFENDANTS

47. Plaintiffs re-plead the allegations set forth in paragraphs 1-46 as if set forth fully herein.

48. Michael witnessed the physical injury and death of his wife and found Lila deceased.

49. Michael experienced a direct emotional impact from sensory and contemporaneous observance of Lila's negligent medical care, suffering, and discovering her after her death.

50. The Defendants' agents and employees owed a duty of care arising out of their relationship with Lila to exercise ordinary care to avoid causing emotional harm.

51. Defendants' agents and employees acted negligently and below the standard of care in their care and treatment of Lila, as described above and throughout this Petition.

52. It was foreseeable that Michael would experience serious emotional distress as a result of the negligent conduct of the Defendants' agents and employees as his wife was not treated, suffered and died.

53. A reasonable person in Michael's position would believe that Lila was severely injured.

8

E-FILED 2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

54.     As a proximate result of Defendants' agents and employees' negligence and medical malpractice Michael experienced extreme emotional distress.

55.     As a proximate result of Defendants' agents and employees negligence and medical malpractice, Michael experienced physical manifestations of his extreme emotional distress.

56.     As a direct and proximate result of the negligence and/or gross negligence of Dr. Stancic and Dr. Olson, for which Defendants are is vicariously liable, Michael and Lila were injured.

57.     Defendants' agents and employees were acting within the scope of their employment and/or agency when they provided negligent medical care to Lila Kelly and caused Michael's extreme emotional distress.

58.     Defendants are vicariously liable for the emotional distress experienced by Michael.

59.     Michael was injured as a result of the Defendants' agents and employees' negligence and his wife's suffering and death. He experienced pain and suffering, grief and sorrow, emotional distress, and physical pain and suffering, and will continue to experience these injuries into the future.

## COUNT III

## NEGLIGENT HIRING, RETENTION AND SUPERVISION AGAINST MERCYONE, COMMON SPIRIT HEALTH AND THE CONSORTIUM

60.     Plaintiffs re-plead the allegations set forth in paragraphs 1 through 59 as if set forth fully herein.

9

E-FILED 2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

61. Defendants MercyOne, Common Spirit Health and the Consortium (hereinafter "entity Defendants") knew, or in the exercise of ordinary care should have known of Leatrice Olson, D.O. and Christopher Stancic, M.D.'s unfitness at the time of their hiring.

62. The entity Defendants retained Leatrice Olson, D.O. and Christopher Stancic, M.D. after they knew, or in the exercise of ordinary care should have known, of Leatrice Olson, D.O. and Christopher Stancic, M.D. unfitness.

63. Leatrice Olson, D.O. and Christopher Stancic, M.D.'s unfitness should have been known in the exercise or ordinary care as they lacked the basic skills and knowledge that a patient with a blood oxygen saturation of 80% needs to be sent to the emergency room.

64. The entity Defendants were negligent in their supervision of Leatrice Olson, D.O. and Christopher Stancic, M.D.

65. As an agent or employee of the entity Defendants, Leatrice Olson, D.O. was negligent in her supervision of resident physician Christopher Stancic, M.D.

66. The entity Defendants' negligent hiring, retention and supervision of Leatrice Olson, D.O. and Christopher Stancic, M.D. allowed the employees and/or agents' incompetence, unfitness and/or dangerous characteristics to proximately cause injury to Lila Kelly and her Estate.

67. There was an employee or agency relationship between Leatrice Olson, D.O. and Christopher Stancic, M.D. and the entity Defendants.

68. As a direct and proximate cause of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the Consortium are vicariously liable, Lila died.

69. As a direct and proximate result of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the

10

E-FILED  2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

Consortium are vicariously liable, Lila's Estate and Michael Kelly incurred all damages allowable under Iowa law for medical malpractice and her wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband Michael Kelly, pre-death pain and suffering of Kelly, allowable medical expenses, and further damages to be determined and disclosed during discovery.

## COUNT IV

### MEDICAL MALPRACTICE SURVIVAL ACTION AGAINST ALL DEFENDANTS BY DECEDENT'S SUCCESSOR IN INTEREST (Plead in the Alternative)

70. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 69 as if set forth fully herein.

71. Defendants' agents and employees undertook the nursing and medical care and treatment of Lila at all times relevant to the claims made against Defendants herein.

72. Defendants' agents and employees owed duties to Lila and breached those duties when they breached the standard of care in their care and treatment of Lila, as described in all paragraphs in this Petition.

73. Defendants are vicariously liable for the negligence and gross negligence of its agents and employees as described in this Petition.

74. As a direct and proximate result of the negligence and/or gross negligence of Defendants and their employees and agents, Lila was forced to endure an extended period of severe pain and suffering.

75. As a direct and proximate result of the negligence and/or gross negligence of all Defendants and their employees and agents, Lila incurred all damages allowable under Iowa law

11

E-FILED 2024 MAY 03 6:17 PM POLK - CLERK OF DISTRICT COURT

for medical malpractice, including, but not limited to, pain and suffering, loss of function of body, medical expenses, and further damages to be determined and disclosed during discovery.

76.    Lila's claim for medical malpractice survives her death.

77.    This claim is pled in the alternative to Plaintiffs' wrongful death claim.

WHEREFORE, Plaintiffs the Estate of Lila Kelly and Michael Kelly, individually and as Successor in Interest to Lila Kelly, seek damages and judgment against Defendants, jointly and severally, to fully and fairly compensate them for the damages they have incurred, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband, Michael Kelly, pre-death pain and suffering of Lila, allowable medical expenses, and further damages as provided by law, plus interests and costs as provided by law, and for such other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiffs Michael Kelly, as Personal Representative of the Estate of Lila Kelly, and Michael Kelly individually and as Successor in Interest of Lila Kelly, hereby demand a jury trial on all issues in this Petition triable under Iowa Law.

Respectfully submitted,

HOPE LAW FIRM & ASSOCIATES, PC

/s/ *Erin E. Jordan*
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone: (515) 255-3559
Email: erin.jordan@hopelawfirm.com
Email: katie@hopelawfirm.com
***ATTORNEYS FOR PLAINTIFFS***

12

E-FILED 2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| **Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,**<br><br>  **Plaintiffs,**<br><br>**v.**<br><br>**Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium,**<br><br>  **Defendants.** | **Case No. LACL158801**<br><br><br>**DEFENDANTS CATHOLIC HEALTH INTIATIVES-IOWA CORP. AND IOWA MEDICAL EDUACTION COLLABORATIVE'S ANSWER AND JURY DEMAND TO PLAINTIFF'S PETITION AT LAW** |

**COME NOW** Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, and hereby submit an Answer to Plaintiff's Petition at Law.

## PARTIES, JURISDICTION, and VENUE

1.  Defendants deny the allegations of paragraph 1 for lack of information.

2.  Defendants deny the allegations of paragraph 2 for lack of information.

3.  Defendants admit Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center ("MercyOne") was an Iowa Corporation but otherwise deny the allegations of paragraph 3.

4.  Defendants admit that Common Spirit Health is a corporate entity registered with the Iowa secretary of state. Defendants admit that its registered agent is CT Corporation, 400 East Court Avenue, Des Moines, Iowa 50309, but otherwise deny the allegations of paragraph 4.

5.  Defendants admit Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium was an Iowa Corporation but otherwise deny the allegations of paragraph 5.

1

E-FILED 2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

6.      Defendants deny the allegations of paragraph 6 for lack of information or otherwise stating a legal conclusion.

7.      Defendants MercyOne admit they employed Christopher Stancic, M.D. and Leatrice Olson, D.O. Defendants otherwise deny the allegations contained in paragraph 7 for lack of information or otherwise stating a legal conclusion.

8.      Defendants deny the allegations contained in paragraph 8 for lack of information.

9.      Defendants deny the allegations of paragraph 9 for lack of information or otherwise stating a legal conclusion.

10.      Defendants deny the allegations of paragraph 10 for lack of information or otherwise stating a legal conclusion.

11.      Defendants object to Paragraph as vague and ambiguous, subject to these objections, these Defendants admit Dr. Olson and Dr. Stancic provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 11 as an incomplete summary of the care provided.

12.      These Defendants admit the care and treatment provided on this date as reflected more fully by the medical records, but otherwise deny the remaining allegations contained in paragraph 12 as an incomplete statement of the medical care.

13.      These Defendants admit the care and treatment provided on this date as reflected more fully by the medical records, but otherwise deny the remaining allegations contained in paragraph 13 as an incomplete statement of the medical care provided.

14.      These Defendants admit the care and treatment provided on this date as reflected more fully by the medical records, but otherwise deny the remaining allegations contained in paragraph 14 as an incomplete statement of the medical care provided.

2

E-FILED  2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

15.    Defendants deny the allegations of paragraph 15 for lack of information.

16.    Defendants deny the allegations of paragraph 16 for lack of information but do not contest venue or jurisdiction at this time.

## FACTS COMMON TO ALL CLAIMS

17.    Defendants incorporate herein by this reference their answers to paragraphs 1-16 as if set forth herein in full.

18.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 18 as an incomplete summary of the care provided.

19.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 19 as an incomplete summary of the care provided.

20.    Defendants Ms. Kelly had a medical history that included diabetes and respiratory failure but deny the allegations of paragraph 20 as an incomplete summary of her medical history.

21.    Defendants deny admit that Ms. Kelly was to use oxygen at home, that she suffered from respiratory failure but otherwise deny  the allegations of paragraph 21 as an incomplete summary of her medical history.

22.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 22 as an incomplete and inaccurate summary of the care provided.

23.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 23 as an incomplete summary of the care provided.

24.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 24 as an incomplete and inaccurate summary of the care provided.

25.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 25 as an incomplete summary of the care provided.

26.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 26 as an incomplete summary of the care provided.

27.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 27 as an incomplete and inaccurate summary of the care provided.

28.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 28 as an incomplete and inaccurate summary of the care provided.

29.    These Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 29 as an incomplete and inaccurate summary of the care provided.

30.    Deny the allegations of paragraph30..

31.    These Defendants admit Dr. Christopher Stancic, M.D. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 31 as an incomplete summary of the care provided.

4

E-FILED 2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

32.     These Defendants admit Dr. Christopher Stancic, M.D. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 32 as an incomplete and inaccurate summary of the care provided.

33.     These Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 33 as an incomplete summary of the care provided.

34.     These Defendants admit Dr. Christopher Stancic, M.D. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, affirmatively allege that the care they provided met the standard of care but otherwise deny the allegations of paragraph 34 as an incomplete summary and inaccurate statement of the care provided. Defendants.

35.     Defendants deny the allegations of paragraph 35 for lack of information.

36.     Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

### COUNT I

### MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANTS MERCYONE, COMMON SPIRIT HEALTH AND THE CONSORTIUM

38.     Defendants incorporate herein by this reference their answers to paragraphs 1-37 as if set forth herein in full.

39.     These Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater

5

E-FILED  2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

detail in the medical record, but otherwise deny the allegations of paragraph 39 as an incomplete summary and inaccurate statement of the care provided.

40.    These Defendants admit MercyOne employed Christopher Stancic, M.D. and Leatrice Olson, D.O. Defendants otherwise deny the allegations contained in paragraph 40 for lack of information or otherwise stating a legal conclusion.

41.    In answer to Paragraph 41 these Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, affirmatively allege that the care and treatment provided to Ms. Kelly met and exceeded the standard of care.

42.    Defendants deny the allegations of paragraph 42.

43.    Defendants deny the allegations contained in paragraph 43, including subparagraphs a through e.

44.    Defendants deny the allegations of paragraph 44.

45.    Defendants deny the allegations of paragraph 45.

46.    Defendants deny the allegations of paragraph 46.

## COUNT II

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MICHAEL KELLY AGAINST ALL DEENDANTS

47.    Defendants incorporate herein by this reference their answers to paragraphs 1-47 as if set forth herein in full.

48.    Defendants deny the allegations of paragraph 48 for lack of information.

49.    Defendants deny the allegations of paragraph 49.

50.    In answer to Paragraph 50, these Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly and the care and treatment provided to Ms. Kelly met and exceeded the standard of care.

6

E-FILED 2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53 for lack of information.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. These Defendants admit MercyOne employed Christopher Stancic, M.D. and Leatrice Olson, D.O. and that all times material hereto they acted within the scope of their employment, that the care they provided to Ms. Kelly met and exceeded the standard of care, but otherwise deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

### COUNT III

### NEGLIGENT HIRING, RETENTION AND SUPERVISION AGAINST MERCYONE, COMMON SPIRIT HEALTH AND THE CONSORTIUM

60. Defendants incorporate herein by this reference their answers to paragraphs 1-59 as if set forth herein in full.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67.    These Defendants admit MercyOne employed Christopher Stancic, M.D. and Leatrice Olson, D.O. and that all times material hereto they acted within the scope of their employment, that the care they provided to Ms. Kelly met and exceeded the standard of care, but otherwise deny the allegations of paragraph 67.

68.    Defendants deny the allegations of paragraph 68.

69.    Defendants deny the allegations of paragraph 69.

## COUNT IV

### MEDICAL MALPRACTICE SURVIVAL ACTION AGAINST ALL DEFENDANTS BY DECEDENT'S SUCCESSOR IN INTEREST

70.    Defendants incorporate herein by this reference their answers to paragraphs 1-69 as if set forth herein in full.

71.    These Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 71 as an incomplete summary and inaccurate statement of the care provided.

72.    Defendants deny the allegations of paragraph 72.

73.    Defendants deny the allegations of paragraph 73.

74.    Defendants deny the allegations of paragraph 74.

75.    Defendants deny the allegations of paragraph 75.

76.    Defendants deny the allegations of paragraph 76 for lack of information or otherwise stating a legal conclusion.

77.    Defendants deny the allegations of paragraph 77 for lack of information or otherwise stating a legal conclusion.

8

E-FILED 2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

**WHEREFORE**, Defendants pray that Plaintiffs' Petition against said Defendants be dismissed with the costs assessed against Plaintiffs and for all other relief the Court deems proper.

### AFFIRMATIVE DEFENSES

1.      Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.      Defendants affirmatively state that any and all medical care and treatment provided to Plaintiff by these Defendants was in accordance with accepted medical practice and the standard of care.

3.      Defendants state that the cause or the sole proximate cause or superseding cause of the Plaintiff's alleged injuries and damages, if any, may have been a pre-existing medical condition and/or a subsequently occurring medical condition for which these Defendants are not responsible.

4.       The evidence may show that Plaintiff has failed to mitigate his claimed injuries or damages.

5.      This case is governed by Chapter 668 of the Iowa Code and comparative fault principles apply.

6.      This lawsuit is barred by the statute of limitations.

7.      This case is governed by §147.136 and §147.136A of the Code of Iowa.

8.      Defendants will rely upon any and all defenses and positions available by application of Iowa Code section 147.136A and 147.140.

9.      Defendants reserve the right to raise additional defenses as may become available or appear through investigation or during the course of discovery.

10.      Count IV is contrary to Iowa's Wrongful Death Statute and otherwise barred by Iowa law.

E-FILED  2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

**WHEREFORE**, Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium asks the court to Dismiss the Plaintiff's Petition at Law with costs assessed against the Plaintiff.

## JURY DEMAND

**COME NOW** the Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium and demand a trial by jury in the above-captioned cause of action.

Respectfully submitted,

*/s/ Frederick T. Harris*

Frederick T. Harris             AT0003198
Diana Vazquez Ayala           AT0015795
LAMSON DUGAN & MURRAY, LLP
1045 76th Street, Suite 3000
West Des Moines, IA 50266
Phone: (515) 513-5003
Email: rharris@ldmlaw.com
        dvazquezayala@ldmlaw.com
**ATTORNEYS FOR DEFENDANTS**

Original efiled.

EDMS Copy to:

Erin E. Jordan
Katie M. Naset
Hope Law Firm & Associates, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone: (515) 255-3559
Email: erin.jordan@hopelawfirm.com
        katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/fax number/e-mail addresses as disclosed by the pleadings of record herein, on the 19th day of August 2024.

10

E-FILED  2024 AUG 19 5:13 PM POLK - CLERK OF DISTRICT COURT

By:  ☐ U.S. Mail          ☐ FAX
     ☐ Email             ☐ Overnight Mail
     ☐ Hand Delivery     ☒ EDMS
     ☐ Certified Mail    ☐ Other: _____

/s/    *Analese Hauber*
_____

4869-8012-4885, v. 2

4869-8012-4885, v. 2

11

E-FILED          LACL158801 - 2024 OCT 01 11:07 AM      POLK
CLERK OF DISTRICT COURT              Page 1 of 3

## IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| MICHAEL KELLY AS ADMINISTRATOR OF THE ESTATE OF LILA KELLY<br>MICHAEL WILLIAM KELLY<br>MICHAEL KELLY AS SUCCESSOR IN INTEREST OF LILA KELLY<br><br><br>Plaintiff<br><br>vs.<br><br>PHC CONSORTIUM<br>CATHOLIC HEALTH INITIATIVES IOWA CORP<br>COMMON SPIRIT HEALTH<br>MERCYONE DES MOINES<br>MERCYONE DES MOINES MEDICAL CENTER<br>IOWA MEDICAL EDUCATION COLLABORATIVE<br><br>Defendant | **ORDER SETTING TRIAL<br>AND APPROVING PLAN**<br><br>**Case No : 05771  LACL158801**<br><br>Date Petition Filed : 05/03/24<br><br>GRONEWALD<br><br>Case Type : Civil<br><br>Trial Type : Jury<br><br>Expected Length of Trial : 7 DAYS<br><br>The amount in controversy exceeds $10,000 : Yes |

**IT IS SO ORDERED:**

**1.   TRIAL :  Jury Trial is scheduled on 09/14/2026 at 09:00 AM  at the Polk Co Courthouse,1st Floor Info Booth, 500 Mulberry, DSM.**

A pre-trial conference shall be held upon request of the parties or by order of the Court.

3.   **DISCOVERY PLAN**

Trial Scheduling and Discovery Plan has been filed in this matter in compliance with IRCP1.507(2). The agreed-to plan is modified by the Court as follows:

**Summary judgment motions must be filed no later than ninety (90) days prior to the commencement of trial.**

**Summary judgment motions supported by an appendix containing more than 100 pages must be filed 120 days prior to the commencement of trial, absent court approval.**

**Any changes of the pretrial deadlines will require prior written court approval, even if agreed to by the parties.**

E-FILED        LACL158801 - 2024 OCT 01 11:07 AM        POLK
CLERK OF DISTRICT COURT                    Page 2 of 3

Settlement conference shall be held upon request.

Dated : 10/01/24

5ctso

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 561-5818 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

E-FILED          LACL158801 - 2024 OCT 01 11:07 AM    POLK
                 CLERK OF DISTRICT COURT              Page 3 of 3



### State of Iowa Courts

**Case Number**       **Case Title**
LACL158801      MICHAEL KELLY ET AL VS CATHOLIC HEALTH
     INITIATIVES ET AL
**Type:**      ORDER SETTING TRIAL

So Ordered

Colleen M. Adams, Case Coordinator,
Fifth Judicial District of Iowa

Electronically signed on 2024-10-01 11:07:24

E-FILED  2024 OCT 17 9:00 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. LACL158801<br><br><br>CERTIFICATE OF MERIT REGARDING DEFENDANT CATHOLIC HEALTH INITIATIVES – IOWA CORP. d/b/a MERCYONE DES MOINES MEDICAL CENTER |

In compliance with Iowa Code Section 147.140, Kathryn Maxwell, M.D., does hereby affirm and state, as follows:

1. I am a physician licensed and in good standing in the State of California to practice medicine in the area of family medicine, the same or substantially similar field as Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.  At the time of the events alleged in this case, Leatrice Olson, D.O. and Christopher Stancic, M.D. were providing services as internal medicine physicians.

2. I have never had my license revoked or suspended in any state.

3. In the five (5) years prior to May 2, 2022, and until now, I have actively practiced medicine in the area of family medicine, the same or substantially similar field as Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.

4. I am board certified by the American Board of Family Medicine, which provides board certification in the same or substantially similar field as Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.

5. I am familiar with the applicable standard of care relating to the care and treatment of patients presenting in the condition that Lila Kelly did on May 2, 2022.

E-FILED  2024 OCT 17 9:00 PM POLK - CLERK OF DISTRICT COURT

6.      Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff breached the applicable standard of care in one or more of the following manners:

    i.      Dr. Olson and Dr. Stancic failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment of her acutely low oxygen saturation levels.

    ii.      Dr. Olson and Dr. Stancic failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her acutely low oxygen saturation levels.

    iii.      Dr. Olson and Dr. Stancic failed to evaluate and treat Lila for hypoxemia.

    iv.      Dr. Olson and Dr. Stancic failed to identify and treat the source or cause of Lila's hypoxemia.

    v.      Dr. Olson and Dr. Stancic otherwise failed to exercise the ordinary care and skill in keeping with their profession, and in the areas of the profession in which they specialized, and in the manner in which they diagnosed, cared for, treated, and otherwise rendered care to Lila Kelly.

7.      I have reviewed the Petition filed in this case along with medical records regarding the subject medical care.

8.      Based upon my review of the medical records of Lila Kelly leading up to her death on or about May 4, 2022, to a reasonable degree of medical certainty, Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff, breached the standard of care causing injury to and the death of Lila Kelly.

9.      I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct.

Dated this \_\_\_5th\_\_\_ day of October, 2024.

_____

Kathryn Maxwell, M.D.

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. LACL158801<br><br>CERTIFICATE OF MERIT REGARDING DEFENDANT CATHOLIC HEALTH INITIATIVES – IOWA CORP. d/b/a MERCYONE DES MOINES MEDICAL CENTER |

In compliance with Iowa Code Section 147.140, Jessica Anchor-Samuels, M.D., does hereby affirm and state, as follows:

1.      I am a physician licensed and in good standing in the Commonwealth of Massachusetts to practice medicine in the area of internal medicine, the same or substantially similar field as Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.  At the time of the events alleged in this case, Leatrice Olson, D.O. and Christopher Stancic, M.D. were providing services as internal medicine physicians.

2.      I have never had my license revoked or suspended in any state.

3.      In the five (5) years prior to May 2, 2022, and until now, I have actively practiced medicine in the area of internal medicine, the same or substantially similar field as Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.

4.      I am board certified by the American Board of Internal Medicine, which provides board certification in the same or substantially similar field as Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.

5.      I am familiar with the applicable standard of care relating to the care and treatment of patients presenting in the condition that Lila Kelly did on May 2, 2022.

Docusign Envelope ID: CD7A34B0-B537-49D8-9D4C-39BF243B506F

6.    Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff breached the applicable standard of care in one or more of the following manners:

    i.    Dr. Olson and Dr. Stancic failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment of her acutely low oxygen saturation levels.

    ii.    Dr. Olson and Dr. Stancic failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her acutely low oxygen saturation levels.

    iii.    Dr. Olson and Dr. Stancic failed to properly or appropriately evaluate and treat Lila for hypoxemia.

    iv.    Dr. Olson and Dr. Stancic failed to identify and treat the source or cause of Lila's hypoxemia.

    v.    Dr. Olson and Dr. Stancic failed to urgently consult with radiology to review and discuss the chest xray results before deciding to send Lila home with severe hypoxemia.

    vi.    Dr. Olson and Dr. Stancic failed to urgently consult with pulmonology to review and discuss Lila's condition before deciding to send Lila home with severe hypoxemia.

    vii.    Dr. Olson and Dr. Stancic otherwise failed to exercise the ordinary care and skill in keeping with their profession, and in the areas of the profession in which they specialized, and in the manner in which they diagnosed, cared for, treated, and otherwise rendered care to Lila Kelly.

7.    I have reviewed the Petition filed in this case along with medical records regarding the subject medical care.

8.    Based upon my review of the medical records of Lila Kelly leading up to her death on or about May 4, 2022, to a reasonable degree of medical certainty, Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff, breached the standard of care causing injury to and the death of Lila Kelly.

9.    I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct.

Dated this ___10/17/2024_____.

Signed by:

*Jessica Anchor-Samuels*

8EAF4F14FAB048D...

Jessica Anchor-Samuels, M.D.

E-FILED          LACL158801 - 2025 AUG 13 08:52 AM          POLK
CLERK OF DISTRICT COURT          Page 1 of 2

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, and Michael Kelly as Successor in Interest of Lila Kelly,<br><br>        Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>        Defendants. | CASE NO. LACL158801<br><br><br>**ORDER RE PLAINTIFFS' MOTION FOR EXTENSION TO AVOID 1.944 DISMISSAL** |

ON this 13th day of August, 2025, this matter comes before the Court on Plaintiffs' Motion for Extension to Avoid 1.944 Dismissal. The Court finds that this motion should be granted, and the above captioned matter shall not be dismissed pursuant to Iowa Rules of Civil Procedure 1.944.

IT IS THEREFORE ORDERED, that case number LACL158801 shall not be dismissed pursuant to Rule 1.944 of the Iowa Rules of Civil Procedure.

1

E-FILED    LACL158801 - 2025 AUG 13 08:52 AM    POLK
CLERK OF DISTRICT COURT    Page 2 of 2



State of Iowa Courts

| Case Number | Case Title |
|---|---|
| LACL158801 | MICHAEL KELLY ET AL VS CATHOLIC HEALTH INITIATIVES ET AL |
| **Type:** | ORDER EXEMPTING FROM 1.944 DISMISSAL |

So Ordered

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-08-13 08:52:35

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, and Michael Kelly as Successor in Interest of Lila Kelly,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. LACL158801<br><br>MOTION TO AMEND PETITION<br>(Defense Position Unknown) |

COME NOW Plaintiffs, Michael Kelly, as Personal Representative of the Estate of Lila Kelly, and Michael Kelly, individually and as Successor in Interest of Lila Kelly, and for their Motion to Amend Petition state as follows:

1. Plaintiffs filed this action against current Defendant Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium on May 3, 2024. D0003.

2. Defendants Catholic Health Initiatives – Iowa Corp. and Iowa Medical Education Collaborative filed their Answer to the Petition on August 19, 2024.  D0013, D0014.

3. Defendant Commonspirit Health filed its Answer to the Petition on August 19, 2024. D0017, D0016.

4. At that time, Plaintiffs also filed a Federal Tort Claims Act claim against Primary Healthcare, Inc., Dr. Christopher Stancic, M.D., and Leatrice Olson, D.O. regarding the same series of events that are the subject of this case.  The Claim Number for the Department of Health and Human Services is 2024-0332.

1

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

5.  Plaintiffs' Federal Tort Claims Act claims were denied on June 17, 2025.

6.  Plaintiffs' proposed Amended Petition adds the Defendants and claims to this action that were previously submitted to the Department of Health and Human Services.

7.  Plaintiffs' proposed Amended Petition adds Defendants:  Primary Healthcare, Inc., Christopher Stancic, M.D. and Leatrice Olson, D.O. and claims against them as previously submitted to the Department of Health and Human Services.

8.  Plaintiffs' proposed Amended Petition is attached to this Motion as **Exhibit 1**.

9.  The proposed new Defendants are aware of the potential claims against them as they were previously submitted the United States.  Letter Confirming Denial, attached hereto as **Exhibit 2**.

10. The granting of this motion will streamline this litigation and will not be prejudicial to any party or potential party to this action as it will prevent the Plaintiffs from having to file a separate Petition regarding the FTCA Defendants.

11. Plaintiffs bring this Motion pursuant to IRCP 1.402(4).  Amendments are the rule and denials are the exception.  In this case, all parties, current and proposed, have been aware of the claims against them since the onset of this case.  Plaintiffs' proposed Amendment seeks only to combine all Defendants into one action now that they have properly exhausted their administrative remedies with regard to the FTCA Defendants.

12. Counsel for all current Defendants has been notified of Plaintiffs' intent to file this Motion and has been provided with a copy of the proposed Amended Petition and advised that they do not yet know if they will object, as they have not received direction from their client.

**WHEREFORE**, Plaintiffs pray the court grant this motion and grant leave to Plaintiffs to file their First Amended Petition.

2

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

Respectfully submitted,

HOPE LAW FIRM & ASSOCIATES, PC

/s/ *Erin E. Jordan*
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone: (515) 255-3559
Facsimile: (515) 243-2433
Email: erin.jordan@hopelawfirm.com
Email: katie@hopelawfirm.com

***ATTORNEYS FOR PLAINTIFFS***

Frederick T. Harris
LAMSON DUGAN & MURRAY, LLP
1045 76th Street, Suite 300
West Des Moines, IA 50266
Telephone: (515) 513-5003
Email: rharris@ldmlaw.com
ATTORNEY FOR DEFENDANTS

3

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>Defendants. | CASE NO. LACL158801<br><br>**AMENDED PETITION AT LAW AND JURY DEMAND** |

COME NOW PLAINTIFFS, Michael Kelly, as Personal Representative of the Estate of Lila Kelly, and Michael Kelly, individually and as Successor in Interest of Lila Kelly, and hereby state and allege as follows:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff Michael Kelly lived in Des Moines, Polk County, Iowa at the time of the events alleged in this Petition and resides there still.

2. Decedent Lila Kelly lived in Des Moines, Polk County, Iowa at the time of the events alleged in this Petition and at the time of her death. She was the wife of Michael Kelly.

3. At all times relevant to the claims made in this Petition against it, Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center ("MercyOne") was an Iowa corporation with a principal place of business in Des Moines, Polk County, Iowa. The registered agent for the corporation is CT Corporation System, 400 E Court Avenue, Des Moines, Iowa 50309.



PLAINTIFF'S
EXHIBIT

**1**

1

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

4. At all times relevant to the claims made in this Petition against it, Common Spirit Health was a Colorado corporation with a principal place of business in Chicago, Illinois. The registered agent for the corporation is CT Corporation System, 400 E Court Avenue, Des Moines, Iowa 50309. It either owned, operated or partnered with MercyOne Des Moines and/or had an agency or employment relationship with its employees.

5. At all times relevant to the claims made in this Petition against it, Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium ("Consortium") was an Iowa corporation with a principal place of business in Des Moines, Iowa 50309. The registered agent for the corporation is CT Corporation System, 400 E Court Avenue, Des Moines, Iowa 50309. It either owned, operated or partnered with MercyOne Des Moines and/or had an agency or employment relationship with its employees.

6. At all times relevant to the claims made in this Petition against it, Primary Healthcare, Inc. was an Iowa non-profit corporation. The registered agent for Primary Healthcare, Inc. is Nathaniel Simpson, 1200 University Avenue, Des Moines, IA 50314. It is a Health Center Program grantee under 42 U.S.C. 254b and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n).

7. At all times relevant to the claims made against her, Defendant Leatrice Olson, D.O. was an employee and/or agent of Primary Healthcare, Inc. Dr. Olson is an internal medicine physician practicing in Des Moines, Iowa.

8. At all times relevant to the claims made against him, Defendant Christopher Stancic, M.D. was an employee and/or agent of Primary Healthcare, Inc. Dr. Stancic is an internal medicine physician practicing in Des Moines, Iowa.

E-FILED 2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

9.      At all times relevant to the claims made in this Petition against Defendants, a healthcare provider – patient relationship existed between Lila Kelly and Defendants and Defendants' agents and employees.

10.     Defendants MercyOne, Common Spirit Health, the Consortium and Primary Healthcare, Inc. are liable for the actions and inactions of their agents and/or employees whether physicians, residents, nurses, EMTs, paramedics and/or other healthcare providers, including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., due to their actual employment, respondeat superior, apparent agency, and/or other applicable theories of vicarious liability.

11.     MercyOne, Common Sprit Health, the Consortium and Primary Healthcare, Inc. created, managed, owned, operated or otherwise had control over the internal medicine residency program at Des Moines Medical Center that Christopher Stancic, M.D. and/or Leatrice Olson, D.O. were a part of at the time of the events alleged in this Petition.

12.     All Defendants contracted with or had a relationship with entities subject to the Federal Tort Claims Act, including Primary Healthcare, Inc., Leatrice Olson, D.O. and/or Christopher Stancic, M.D.  Claims against these individuals and entity were previously properly pursued through the Federal Tort Claims Act.

13.     Plaintiffs submitted a claim pursuant to the Federal Tort Claims Act for the acts and omissions constituting medical practice by Primary Healthcare, Inc., Leatrice Olson, D.O. and Christopher Stancic, M.D. on May 2, 2024.  This claim was submitted to the Department of Health & Human Services.  The Claim No. is 2024-0332.  Jennifer B. Smith, Deputy Associate General Counsel of the Claims and Employment Law Branch denied the claim in correspondence dated June 16, 2025.  The claims against the Defendants subject to the Federal Tort Claims Act are being filed within six months of this denial and are, therefore, timely.

3

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

14.     MercyOne, Common Spirit Health and the Consortium are not subject to the Federal Tort Claims Act.

15.     Defendants and/or their agents or employees, including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., were responsible for providing medical and nursing care and treatment to Lila Kelly all times relevant to the claims made in this Petition.

16.     All Defendants held themselves and their agents and employees out to the general public and Lila Kelly as qualified and competent healthcare providers who would provide healthcare services in accordance with the standard of care.

17.     At the time of the events described herein, the doctors, physicians' assistants, nurses, nursing aides, pharmacists, technicians, assistants, paramedics, EMTs, agents, apparent agents, servants, employees, and other health care professionals engaged to provide professional medical care and services to Lila Kelly were acting within the scope of their agency and/or employment by Defendants.

18.     At all relevant times, each and every Defendant acted as the actual, apparent, and/or ostensible agents, servants and/or employees of the other Defendants and within the scope of their agency and/or employment.

19.     The damages resulting from the injuries alleged herein exceed the jurisdictional amount for small claims court.

20.     The negligent medical care alleged herein occurred in Polk County, Iowa, making venue in Polk County, Iowa appropriate.

## FACTS COMMON TO ALL CLAIMS

21.     Plaintiffs re-plead the allegations contained in paragraphs 1-20 as if set forth fully herein.

4

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

22.     Lila, a 68-year old female, presented for an appointment at Primary Healthcare, Inc. on May 2, 2022.

23.     Lila was an established patient at Primary Health Care, Inc. having attended several appointments at Primary Health Care, Inc. during 2021-2022.

24.     Lila had a history of diabetes, cardiac diagnoses, and respiratory failure.

25.     Lila used home oxygen to address hypoxia associated with her respiratory failure.

26.     At an appointment on June 16, 2021, it was noted in Primary Healthcare charting that Lila was medication compliant and lived independently.

27.     At the June 16, 2021, appointment, Lila's vital signs were taken, and it was noted that Lila's oxygen saturation was 96% on room air.

28.     At an appointment on November 8, 2021, Lila's vital signs were taken, and it was noted that Lila's oxygen saturation was 90% on room air.

29.     Lila was seen at Primary Healthcare, Inc. on March 14, 2022, for follow-up following a recent hospitalization.

30.     At the appointment on March 14, 2022, Lila's vital signs were taken, and it was noted that Lila's oxygen saturation was 96% on room air.

31.     On May 2, 2022, Lila and her husband Michael attended an appointment at Primary Healthcare, Inc. to address concerns with Lila's low oxygen saturation, even with Lila's use of her home oxygen.

32.     On May 2, 2022, providers at Primary Healthcare, Inc. charted that Lila's oxygen saturation was 80% on room air.

33.     At the May 2, 2022 appointment, Lila and her husband Michael reported that Lila had been experiencing oxygen levels lower than 80%.

5

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

34.     Lila's oxygen levels as measured on May 2, 2022 at Primary Healthcare, Inc. presented a medical emergency.

35.     Lila was seen by resident physician Dr. Christopher Stancic, M.D. on May 2, 2022.

36.     Dr. Stancic documented that the care plan for Lila was to increase her home oxygen to 4 liters, and stated, "No indications for antibiotics, steroids, inhaler, or presentation to ER at this time."

37.     Lila was also seen by provider Dr. Leatrice Olson, D.O. on May 2, 2022, who signed off on the resident's findings and care plan for Lila.

38.     Despite Lila experiencing an emergently low oxygen saturation level at Primary Healthcare on May 2, 2022, neither Dr. Olson nor resident physician Dr. Stancic called for an ambulance to transport Lila to an emergency room, nor did they instruct Lila to immediately present to an emergency room.

39.     Lila's husband Michael Kelly found Lila deceased on the morning of May 4, 2022.

40.     Lila experienced significant pain and suffering as well as emotional distress during the events described above due to the negligent and grossly negligent medical care provided by the Defendants as described above and throughout this Petition.  Had Lila received competent timely medical treatment, she likely would have survived.

41.     Lila's husband Michael experienced severe emotional distress during the events described above due to the negligent and grossly negligent medical care as described above and throughout this Petition.

## **COUNT I**

## **MEDICAL MALPRACTICE WRONGFUL DEATH VICAROUS LIABILITY AGAINST DEFENDANTS MERCYONE, COMMON SPIRIT HEALTH AND THE CONSORTIUM**

42.     Plaintiffs re-plead the allegations set forth in paragraphs 1 through 41 as if set forth fully herein.

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

43.    Dr. Olson and Dr. Stancic undertook the medical care and treatment of Lila on May 2, 2022 as set forth above.

44.    Defendants MercyOne, Common Spirit Health and the Consortium either employed Dr. Olson and Dr. Stancic or had an agency relationship with them at the time of their care and treatment of Lila.

45.    Dr. Olson and Dr. Stancic owed duties to Lila to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Lila.

46.    Dr. Olson and Dr. Stancic breached their duties to Lila by falling below the standard of care in their care and treatment of her when they failed to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances.  When they did so, they were acting within the course and scope of their employment or agency with MercyOne, Common Spirit Health and the Consortium.

47.    Dr. Olson and Dr. Stancic fell below the standard of care and were negligent and/or grossly negligent in their care and treatment of Lila in the following ways:

   a.  Dr. Olson and Dr. Stancic failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

   b.  Dr. Olson and Dr. Stancic failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

   c.  Dr. Olson and Dr. Stancic failed to evaluate and treat Lila for hypoxia and hypoxemia.

   d.  Dr. Olson and Dr. Stancic failed to identify and treat the source or cause of Lila's hypoxia and hypoxemia.

7

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

e. Dr. Olson and Dr. Stancic otherwise failed to exercise the ordinary care and skill in keeping with their profession, and in the areas of the profession in which they specialized, and in the manner in which they diagnosed, cared for, treated, and otherwise rendered care to Lila.

48. Defendants MercyOne, Common Sprit Health and the Consortium are therefore vicariously liable for Dr. Olson and Dr. Stancic's negligence and/or gross negligence.

49. As a direct and proximate cause of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the Consortium are vicariously liable, Lila died.

50. As a direct and proximate result of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the Consortium are vicariously liable, Lila's Estate and Michael Kelly incurred all damages allowable under Iowa law for medical malpractice and her wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband Michael Kelly, pre-death pain and suffering of Kelly, allowable medical expenses, and further damages to be determined and disclosed during discovery.

## COUNT II

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MICHAEL KELLY AGAINST ALL DEFENDANTS

51. Plaintiffs re-plead the allegations set forth in paragraphs 1-50 as if set forth fully herein.

52. Michael witnessed the physical injury and death of his wife and found Lila deceased.

53. Michael experienced a direct emotional impact from sensory and contemporaneous observance of Lila's negligent medical care, suffering, and discovering her after her death.

8

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

54. The Defendants' agents and employees owed a duty of care arising out of their relationship with Lila to exercise ordinary care to avoid causing emotional harm.

55. Defendants' agents and employees acted negligently and below the standard of care in their care and treatment of Lila, as described above and throughout this Petition.

56. It was foreseeable that Michael would experience serious emotional distress as a result of the negligent conduct of the Defendants' agents and employees as his wife was not treated, suffered and died.

57. A reasonable person in Michael's position would believe that Lila was severely injured.

58. As a proximate result of Defendants' agents and employees' negligence and medical malpractice Michael experienced extreme emotional distress.

59. As a proximate result of Defendants' agents and employees' negligence and medical malpractice, Michael experienced physical manifestations of his extreme emotional distress.

60. As a direct and proximate result of the negligence and/or gross negligence of Dr. Stancic and Dr. Olson, for which Defendants are is vicariously liable, Michael and Lila were injured.

61. Defendants' agents and employees were acting within the scope of their employment and/or agency when they provided negligent medical care to Lila Kelly and caused Michael's extreme emotional distress.

62. Defendants are vicariously liable for the emotional distress experienced by Michael.

63. Michael was injured as a result of the Defendants' agents and employees' negligence and his wife's suffering and death. He experienced pain and suffering, grief and sorrow,

9

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

emotional distress, and physical pain and suffering, and will continue to experience these injuries into the future.

## COUNT III

## NEGLIGENT HIRING, RETENTION AND SUPERVISION AGAINST MERCYONE, COMMON SPIRIT HEALTH AND THE CONSORTIUM

64.     Plaintiffs re-plead the allegations set forth in paragraphs 1 through 63 as if set forth fully herein.

65.     Defendants MercyOne, Common Spirit Health and the Consortium (hereinafter "entity Defendants") knew, or in the exercise of ordinary care should have known of Leatrice Olson, D.O. and Christopher Stancic, M.D.'s unfitness at the time of their hiring.

66.     The entity Defendants retained Leatrice Olson, D.O. and Christopher Stancic, M.D. after they knew, or in the exercise of ordinary care should have known, of Leatrice Olson, D.O. and Christopher Stancic, M.D.'s unfitness.

67.     Leatrice Olson, D.O. and Christopher Stancic, M.D.'s unfitness should have been known in the exercise or ordinary care as they lacked the basic skills and knowledge that a patient with a blood oxygen saturation of 80% needs to be sent to the emergency room.

68.     The entity Defendants were negligent in their supervision of Leatrice Olson, D.O. and Christopher Stancic, M.D.

69.     As an agent or employee of the entity Defendants, Leatrice Olson, D.O. was negligent in her supervision of resident physician Christopher Stancic, M.D.

70.      The entity Defendants' negligent hiring, retention and supervision of Leatrice Olson, D.O. and Christopher Stancic, M.D. allowed the employees and/or agents' incompetence, unfitness and/or dangerous characteristics to proximately cause injury to Lila Kelly and her Estate.

10

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

71.     There was an employee or agency relationship between Leatrice Olson, D.O. and Christopher Stancic, M.D. and the entity Defendants.

72.     As a direct and proximate cause of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the Consortium are vicariously liable, Lila died.

73.     As a direct and proximate result of the negligence and/or gross negligence of Dr. Olson and Dr. Stancic, for which Defendants Mercy One, Common Spirit Health and the Consortium are vicariously liable, Lila's Estate and Michael Kelly incurred all damages allowable under Iowa law for medical malpractice and her wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband Michael Kelly, pre-death pain and suffering of Kelly, allowable medical expenses, and further damages to be determined and disclosed during discovery.

## COUNT IV

### MEDICAL MALPRACTICE SURVIVAL ACTION AGAINST ALL DEFENDANTS BY DECEDENT'S SUCCESSOR IN INTEREST (Plead in the Alternative)

74.     Plaintiffs re-plead the allegations set forth in paragraphs 1 through 73 as if set forth fully herein.

75.     Defendants' agents and employees undertook the nursing and medical care and treatment of Lila at all times relevant to the claims made against Defendants herein.

76.     Defendants' agents and employees owed duties to Lila and breached those duties when they breached the standard of care in their care and treatment of Lila, as described in all paragraphs in this Petition.

77.     Defendants are vicariously liable for the negligence and gross negligence of their agents and employees as described in this Petition.

11

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

78.    As a direct and proximate result of the negligence and/or gross negligence of Defendants and their employees and agents, Lila was forced to endure an extended period of severe pain and suffering.

79.    As a direct and proximate result of the negligence and/or gross negligence of all Defendants and their employees and agents, Lila incurred all damages allowable under Iowa law for medical malpractice, including, but not limited to, pain and suffering, loss of function of body, medical expenses, and further damages to be determined and disclosed during discovery.

80.    Lila's claim for medical malpractice survives her death.

81.    This claim is pled in the alternative to Plaintiffs' wrongful death claim.

## COUNT V

## MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT CHRISTOPHER STANCIC, M.D.

82.    Plaintiffs re-plead the allegations set forth in paragraphs 1-81 as if set forth fully herein.

83.    Defendant Dr. Stancic undertook the medical care and treatment of Lila on May 2, 2022 as set forth above.

84.    Defendant Dr. Stancic owed a duty to Lila to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Lila.

85.    Defendant Dr. Stancic breached his duty to Lila by falling below the standard of care in his care and treatment of her when he failed to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances.

86.    Defendant Dr. Stancic fell below the standard of care and was negligent and/or grossly negligent in his care and treatment of Lila in the following ways:

12

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

    a.   Dr. Stancic failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

    b.   Dr. Stancic failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

    c.   Dr. Stancic failed to evaluate and treat Lila for hypoxia and hypoxemia.

    d.   Dr. Stancic failed to identify and treat the source or cause of Lila's hypoxia and hypoxemia.

    e.   Dr. Stancic otherwise failed to exercise the ordinary care and skill in keeping with his profession, and in the areas of the profession in which he specialized, and in the manner in which he diagnosed, cared for, treated, and otherwise rendered care to Lila.

87.    As a direct and proximate cause of the negligence and/or gross negligence of Defendant Dr. Stancic, Lila died.

88.    As a direct and proximate result of the negligence and/or gross negligence of Defendant Dr. Stancic, Lila's Estate and Michael Kelly incurred all damages allowable under Iowa law for medical malpractice and her wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband Michael Kelly, pre-death pain and suffering of Kelly, allowable medical expenses, and further damages to be determined and disclosed during discovery.

## COUNT VI

## MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT LEATRICE OLSON, D.O.

89.    Plaintiffs re-plead the allegations set forth in paragraphs 1-88 as if set forth fully herein.

13

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

90.    Defendant Dr. Olson undertook the medical care and treatment of Lila on May 2, 2022 as set forth above.

91.    Defendant Dr. Olson owed a duty to Lila to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Lila.

92.    Defendant Dr. Olson breached her duty to Lila by falling below the standard of care in her care and treatment of her when She failed to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances.

93.    Defendant Dr. Olson fell below the standard of care and was negligent and/or grossly negligent in her care and treatment of Lila in the following ways:

a.    Dr. Olson failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

b.    Dr. Olson failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her low oxygen saturation levels.

c.    Dr. Olson failed to evaluate and treat Lila for hypoxia and hypoxemia.

d.    Dr. Olson failed to identify and treat the source or cause of Lila's hypoxia and hypoxemia.

e.    Dr. Olson otherwise failed to exercise the ordinary care and skill in keeping with hER profession, and in the areas of the profession in which she specialized, and in the manner in which she diagnosed, cared for, treated, and otherwise rendered care to Lila.

14

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

94.    As a direct and proximate cause of the negligence and/or gross negligence of Defendant Dr. Olson, Lila died.

95.    As a direct and proximate result of the negligence and/or gross negligence of Defendant Dr. Olson, Lila's Estate and Michael Kelly incurred all damages allowable under Iowa law for medical malpractice and her wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband Michael Kelly, pre-death pain and suffering of Kelly, allowable medical expenses, and further damages to be determined and disclosed during discovery.

## COUNT VII

### MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANT PRIMARY HEALTHCARE, INC.

96.    Plaintiffs re-plead the allegations set forth in paragraphs 1-95 as if set forth fully herein.

97.    Defendant Primary Healthcare, Inc. by and through its nurses, physicians, other healthcare providers and/or their actual, ostensible and/or apparent agents, servants, and/or employees, including but not limited to, Defendants Dr. Stancic and Dr. Olson, undertook the nursing and medical care and treatment of Lila at all times relevant to the claims made against Defendants herein.

98.    Primary Healthcare, Inc. either employed Defendants Dr. Stancic and Dr. Olson or had an agency relationship with them, at the time of their care and treatment of Lila.

99.    Defendants Dr. Stancic and Dr. Olson breached the standard of care in their care and treatment of Lila, as described in this Petition.

100.    Primary Healthcare, Inc. is therefore vicariously liable for Defendants Dr. Stancic and Dr. Olson's negligence and gross negligence.

15

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

101.    As a direct and proximate result of the negligence and/or gross negligence of Defendants Dr. Stancic and Dr. Olson, for which Primary Healthcare, Inc. is vicariously liable, Lila died.

102.    As a direct and proximate result of the negligence and/or gross negligence of Defendants Dr. Stancic and Dr. Olson, Plaintiffs were injured.

103.    As a direct and proximate result of the negligence and/or gross negligence of Defendant Dr. Stancic and Dr. Olson, Lila's Estate and Michael Kelly incurred all damages allowable under Iowa law for medical malpractice and wrongful death including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of consortium for her husband Michael Kelly, pre-death pain and suffering for Lila, allowable medical expenses, and further damages to be determined and disclosed during discovery.

WHEREFORE, Plaintiffs the Estate of Lila Kelly and Michael Kelly, individually and as Successor in Interest to Lila Kelly, seek damages and judgment against Defendants, jointly and severally, to fully and fairly compensate them for the damages they have incurred, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Lila, loss of support and consortium for her husband, Michael Kelly, pre-death pain and suffering of Lila, allowable medical expenses, and further damages as provided by law, plus interests and costs as provided by law, and for such other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiffs Michael Kelly, as Personal Representative of the Estate of Lila Kelly, and Michael Kelly individually and as Successor in Interest of Lila Kelly, hereby demand a jury trial on all issues in this Petition triable under Iowa Law.

Respectfully submitted,

16

E-FILED  2025 OCT 01 2:26 PM POLK - CLERK OF DISTRICT COURT

HOPE LAW FIRM & ASSOCIATES, PC

/s/ *Erin E. Jordan*
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone: (515) 255-3559
Facsimile: (515) 243-2433
Email: erin.jordan@hopelawfirm.com
Email: katie@hopelawfirm.com
***ATTORNEYS FOR PLAINTIFFS***



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 C Street, SW
Switzer Building – Suite 2100
Washington, DC  20201

JUN 1 7 2025

**U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**
Article No. 7021 0350 0001 8480 9417

Erin Jordan, Esq.
Hope Law Firm
5022 Grand Ridge Drive
West Des Moines, IA 50265

Re:  **Administrative Tort Claim of Michael Kelly, as Administrator of the Estate of Lila Dean Kelly**, Claim No. 2024-0332

Dear Counsel:

On May 3, 2024, on behalf of your client, Michael Kelly, as Administrator of the Estate of Lila Dean Kelly, you filed the above-referenced administrative tort claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.

The Federal Tort Claims Act authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury caused by the negligent or wrongful act or omission of any employee of the Federal government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

This letter constitutes the notice of final determination of this claim, as required by 28 U.S.C. § 2401(b).  The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment. Accordingly, the claim is hereby denied.

If your client is dissatisfied with the determination, he is entitled to:

1.  File a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2.  File suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

PLAINTIFF'S
EXHIBIT

**2**

Page 2 – Erin Jordan, Esq.

In the event your client requests reconsideration, the Agency will review the claim within six (6) months from the date the request is received.  If the reconsidered claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

Jennifer B. Smith -S

Digitally signed by Jennifer B. Smith -S
Date: 2025.06.16 15:59:37 -04'00'

Jennifer B. Smith
Deputy Associate General Counsel
Claims and Employment Law Branch

E-FILED          LACL158801 - 2025 OCT 13 08:36 AM          POLK
CLERK OF DISTRICT COURT                    Page 1 of 2

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, and Michael Kelly as Successor in Interest of Lila Kelly,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. LACL158801<br><br><br>ORDER RE MOTION TO AMEND PETITION |

ON THIS DAY, this matter comes before the Court on the Plaintiffs' Motion to Amend Petition. The Court finds that no resistance has been filed and the Motion should be granted.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion to Amend Petition is granted.

E-FILED     LACL158801 - 2025 OCT 13 08:36 AM     POLK
CLERK OF DISTRICT COURT          Page 2 of 2



State of Iowa Courts

**Case Number**     **Case Title**
LACL158801          MICHAEL KELLY ET AL VS CATHOLIC HEALTH
                    INITIATIVES ET AL
**Type:**           ORDER TO AMEND

So Ordered

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-10-13 08:36:27

E-FILED  2025 OCT 20 9:20 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, and Michael Kelly as Successor in Interest of Lila Kelly,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. LACL158801<br><br><br>MOTION TO EXTEND DISCOVERY DEADLINES – EXPERT WITNESSES |

COME NOW, the Plaintiffs, by and through their respective undersigned counsel, and in support of their motion to extend discovery deadlines for expert witnesses, and states as follows:

1. Plaintiffs recently amended their petition to add several defendants who are covered by the Federal Tort Claims Act, which required Plaintiffs to exhaust remedies under the Act prior to filing suit against the covered Defendants. Plaintiffs had previously forwarded the motion and amended petition to defense counsel for review and to give Defendants' position and the Plaintiffs did not receive a respond regarding their position despite numerous requests. As the Court is aware, similarly, the Defendants did not file a resistance nor any other filing regarding Plaintiffs' motion to amend. All of this behavior contributed to the delay of the amendment of Plaintiffs' petition.

2. The Plaintiffs have now amended the petition to add three additional defendants. If the expert deadlines are not extended in this case, essentially the case will have two parallel sets of discovery deadlines, one for Plaintiffs and the original Defendants and one for Plaintiffs and the Defendants added in the amended petition, which increases the judicial inefficiency in this matter.

E-FILED  2025 OCT 20 9:20 PM POLK - CLERK OF DISTRICT COURT

3. Plaintiffs have asked defense counsel numerous times for their position on the motion to extend expert witness designation deadlines.  Unfortunately, again, Plaintiffs' counsel did not receive a response from defense counsel, even after promptly responding to an email from defense counsel requesting an extension on their discovery responses in this matter, which was promptly granted by Plaintiffs.  *See* Attachment.

WHEREFORE, the Plaintiffs respectfully request that the Court extend the deadline for Plaintiffs to designate and disclose expert witnesses in this matter until February 1, 2026, and to extend Defendants' expert disclosures until May 1, 2026.

Respectfully submitted,

*/s/ Katie M. Naset*_____

Erin E. Jordan AT0015473
Katie M. Naset AT0008875
HOPE LAW FIRM & ASSOCIATES, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone:  (515)255-3559
Facsimile:  (515)243-2433
Erin.jordan@hopelawfirm.com
Katie@hopelawfirm.com
ATTORNEYS FOR PLAINTIFFS

---

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on October 20, 2025 by:

_____ U.S. Mail          _____ Hand Delivery
_____ Fax                _____ Overnight
_____ Email              _____ Other
__X__ Electronically via EDMS

Signature: */s/ Katie M. Naset*_____

E-FILED    LACL158801 - 2025 OCT 26 11:00 AM    POLK
CLERK OF DISTRICT COURT    Page 1 of 2

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, and Michael Kelly as Successor in Interest of Lila Kelly,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. LACL158801<br><br>ORDER EXTENDING DISCOVERY DEADLINES |

On the date set forth below, the Plaintiffs' motion for extension of discovery deadlines comes before the Court. The Court finds that there is good cause to grant the motion. Plaintiffs shall designate and disclose their expert witnesses by February 1, 2026, and Defendants shall designate and disclose their expert witnesses by May 1, 2026.

IT IS SO ORDERED.

E-FILED                    LACL158801 - 2025 OCT 26 11:00 AM          POLK
                           CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| LACL158801 | MICHAEL KELLY ET AL VS CATHOLIC HEALTH INITIATIVES ET AL |
| **Type:** | OTHER ORDER |

So Ordered

_Samantha Gronewald_

_____

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-10-26 11:00:03

E-FILED  2025 OCT 29 12:26 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>Defendants. | CASE NO. LACL158801<br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT: Primary Healthcare, Inc.**

You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as the Defendant in this action.  A copy of the Petition is attached to this Original Notice.

The attorneys for the Plaintiffs are Erin E. Jordan and Katie M. Naset of Hope Law Firm & Associates, P.C., whose address is 5022 Grand Ridge Drive, West Des Moines, Iowa 50265, and telephone number (515) 255-3559.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and, within a reasonable time, thereafter, file your motion or answer with the Clerk of Court for Polk County at the courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

Further, this case has been filed in a county that uses electronic filing.  You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and reviewing documents in your case and for receiving service and notices from the Court.

- For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 pertaining to the use of the Electronic Document Management System, available on the Iowa Judicial Branch website.
- For court rules on the protection of personal privacy in court filings, refer to Division VI of the Iowa Court Rules Chapter 16.
- If you are unable to proceed electronically, you must receive permission from the Court to file in paper.  Contact the Clerk of Court in the county where the petition was filed for more information on being excused from electronic filing.

1

E-FILED  2025 OCT 29 12:26 PM POLK - CLERK OF DISTRICT COURT

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515)286-3394.  (If you are hearing impaired, call Relay Iowa TTY at (800) 735-2942).

**<u>IMPORTANT</u>**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

E-FILED 2025 OCT 30 8:48 AM POLK - CLERK OF DISTRICT COURT

## Iowa Judicial Branch

Case No.    **LACL158801**

County    **Polk**

Case Title    MICHAEL KELLY ET AL VS CATHOLIC HEALTH INITIATIVES ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **10/30/2025 08:48:08 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk          *County*

 **/s/ Cynthia (Cindi) Richey**

E-FILED  2025 NOV 11 1:47 PM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case: LACL158801 | Court: Polk County District Court | County: Polk, IA | Job: 14490103 |
|---|---|---|---|
| Plaintiff / Petitioner: Michael Kelly, as Administrator of the Estate of Lila Kelly; Michael Kelly as Successor in Interest of Lila Kelly; Michael Kelly, Individually | | Defendant / Respondent: Catholic Health Initiatives - Iowa Corp. d/b/a MercyOne Des Moines Medical Center, et al | |
| Received by: HSPS Legal Services | | For: Hope Law Firm | |
| To be served upon: Christopher Stancic, M.D. | | Court Date: | |

I, John Kerr, being duly sworn, depose and say; I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Christopher Stancic, M.D., 103 SW 3rd St Apt 216, Des Moines, IA 50309

**Manner of Service:** Personal/Individual, Nov 5, 2025, 8:42 am CST

**Documents:** Original Notice; Amended Petition at Law and Jury Demand; Exhibit(s) (Received Oct 30, 2025 at 3:47pm CDT)

**Additional Comments:**
1) Unsuccessful Attempt: Nov 4, 2025, 1:59 pm CST at 103 SW 3rd St Apt 216, Des Moines, IA 50309
Reached defendant through directory call box and defendant requested service tomorrow morning.

2) Successful Attempt: Nov 5, 2025, 8:42 am CST at 103 SW 3rd St Apt 216, Des Moines, IA 50309 received by Christopher Stancic, M.D..
(Server's visual approximation) Age: 35; Ethnicity: Caucasian; Gender: Male; Weight: 240; Height: 5'11"; Hair: Brown;

Fees: 60

State of: IOWA                )
                                      ) SS:
County of: POLK             )

_____  11-6-2025
John Kerr                          Date

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this 6 day of Nov, 2025

_____
Notary Public
March 21, 2026
My Commission Expires

TAYLOR S. CHAPMAN
Commission Number 846870
My Commission Expires
March 21, 2026

E-FILED  2025 NOV 11 1:47 PM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case: LACL158801 | Court: Polk County District Court | | County: Polk, IA | Job: 14490103 |
|---|---|---|---|---|
| Plaintiff / Petitioner: Michael Kelly, as Administrator of the Estate of Lila Kelly; Michael Kelly as Successor in Interest of Lila Kelly; Michael Kelly, Individually | | | Defendant / Respondent: Catholic Health Initiatives - Iowa Corp. d/b/a MercyOne Des Moines Medical Center, et al | |
| Received by: HSPS Legal Services | | | For: Hope Law Firm | |
| To be served upon: Christopher Stancic, M.D.. | | | Court Date: | |

I, John Kerr, being duly sworn, depose and say; I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:    Christopher Stancic, M.D., 103 SW 3rd St Apt 216, Des Moines, IA 50309

Manner of Service:    Personal/Individual, Nov 5, 2025, 8:42 am CST

Documents:    Original Notice; Amended Petition at Law and Jury Demand; Exhibit(s) (Received Oct 30, 2025 at 3:47pm CDT)

Additional Comments:
1) Unsuccessful Attempt: Nov 4, 2025, 1:59 pm CST at 103 SW 3rd St Apt 216, Des Moines, IA 50309
Reached defendant through directory call box and defendant requested service tomorrow morning.

2) Successful Attempt: Nov 5, 2025, 8:42 am CST at 103 SW 3rd St Apt 216, Des Moines, IA 50309 received by Christopher Stancic, M.D..
(Server's visual approximation) Age: 35; Ethnicity: Caucasian; Gender: Male; Weight: 240; Height: 5'11"; Hair: Brown;

Fees:  60

State of:    IOWA            )
                                    ) SS:
County of:    POLK        )

_____  11-6-2025
John Kerr                          Date

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this
____6____ day of ___Nov___, 2025

_____
Notary Public
March 21, 2026
My Commission Expires

TAYLOR S. CHAPMAN
Commission Number 846870
My Commission Expires
March 21, 2026

E-FILED 2025 NOV 11 1:47 PM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case: LACL158801 | Court: Polk County District Court | County: Polk, IA | Job: 14490123 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Michael Kelly, as Administrator of the Estate of Lila Kelly; Michael Kelly as Successor in Interest of Lila Kelly; Michael Kelly, Individually | | **Defendant / Respondent:** Catholic Health Initiatives - Iowa Corp. d/b/a MercyOne Des Moines Medical Center, et al | |
| **Received by:** HSPS Legal Services | | **For:** Hope Law Firm | |
| **To be served upon:** Leatrice Olson, D.O. | | **Court Date:** | |

I, John Kerr, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Leatrice Olson, D.O., 490 S 34th Ct, West Des Moines, IA 50265

**Manner of Service:**   Personal/Individual, Nov 7, 2025, 7:45 am CST

**Documents:**   Original Notice; Amended Petition at Law and Jury Demand; Exhibit(s) (Received Oct 30, 2025 at 3:47pm CDT)

**Additional Comments:**

1) Unsuccessful Attempt: Nov 6, 2025, 12:03 pm CST at 490 S 34th Ct, West Des Moines, IA 50265
No answer. Left a note for service on front door.

2) Successful Attempt: Nov 7, 2025, 7:45 am CST at 490 S 34th Ct, West Des Moines, IA 50265 received by Leatrice Olson, D.O.. (Server's visual approximation) Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 125; Height: 5'10"; Hair: Gray;

Fees: 00

State of:   IOWA                )
                                        ) SS:
County of:  POLK               )

_____  11-7-2025

John Kerr                 Date

HSPS Legal Services
327 2nd Street Suite 200
Coralville, IA 52241
319-354-2010

Signed and sworn to before me, a notary public, on this
_____7_____ day of _____Nov_____, 2025

_____
Notary Public

March 21, 2026
**My Commission Expires**

TAYLOR S. CHAPMAN
Commission Number 846870
My Commission Expires
March 21, 2026

E-FILED  2025 NOV 19 10:07 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>               Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>               Defendants. | Case No. LACL158801<br><br>APPEARANCE |

COMES NOW the undersigned attorney and hereby enters his appearance on behalf of Defendant Primary Healthcare, Inc. in the above captioned matter.

Respectfully submitted,

/s/ Brian J. Humke

_____

Brian J. Humke AT0003847
NYEMASTER GOODE, P.C.
1416 Buckeye Ave., Suite 200
Ames, Iowa 50010-8070
Ph. (515) 956-3911
Fax (515) 956-3990
bjh@nyemaster.com
Attorney for Defendant Primary
Healthcare, Inc.

E-FILED  2025 NOV 19 10:07 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>     Plaintiffs,<br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>     Defendants. | Case No. LACL158801<br><br><br>APPEARANCE |

COMES NOW the undersigned attorney and hereby enters his appearance on behalf of Defendant Primary Healthcare, Inc. in the above captioned matter.

Respectfully submitted,

/s/ Brian J. Humke

_____

Brian J. Humke AT0003847
NYEMASTER GOODE, P.C.
1416 Buckeye Ave., Suite 200
Ames, Iowa 50010-8070
Ph. (515) 956-3911
Fax (515) 956-3990
bjh@nyemaster.com
Attorney for Defendant Primary
Healthcare, Inc.

E-FILED  2025 NOV 19 10:07 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>        Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>        Defendants. | Case No. LACL158801<br><br>APPEARANCE |

COMES NOW the undersigned attorney and hereby enters his appearance on behalf of Defendant Primary Healthcare, Inc. in the above captioned matter.

Respectfully submitted,

/s/ Brian J. Humke

_____

Brian J. Humke AT0003847
NYEMASTER GOODE, P.C.
1416 Buckeye Ave., Suite 200
Ames, Iowa 50010-8070
Ph. (515) 956-3911
Fax (515) 956-3990
bjh@nyemaster.com
Attorney for Defendant Primary
Healthcare, Inc.

E-FILED  2025 NOV 21 4:25 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>Defendants. | Case No. LACL158801<br><br>UNRESISTED MOTION FOR EXTENSION OF TIME TO MOVE OR PLEAD AND TO RESPOND TO PLAINTIFFS' AMENDED PETITION |

COMES NOW Defendant Primary Health Care, Inc. and hereby moves for an Extension of Time to Move or Plead, requesting an extension of time up to and including January 23, 2026 to move or plead in response to Plaintiffs' Amended Petition at Law. In support of its motion, Defendant states as follows:

1. Defendant Primary Health Care, Inc. was served with an Amended Petition and Original Notice in this matter on or about November 4, 2025.

2. The Answer or responsive pleading of Defendant Primary Health Care, Inc. is due on or about November 24, 2025.

3. Defendant Primary Health Care, Inc. requests additional time to move or plead in response to Plaintiffs' Amended Petition.

4. An action against Primary Health Care, Inc. is subject to the Federal Tort Claims Act and will be defended by the Office of the General Counsel, U.S. Department

of Health and Human Services and the Department of Justice.

5.    Defendant Primary Health Care, Inc. has notified the U.S. Department of Health and Human Services of the filing of the suit and forwarded a copy of the Amended Petition and Original Notice to the appropriate entity.

6.    Additional time is needed for Defendant Primary Health Care, Inc. to move or plead regarding Plaintiff's Amended Petition.

7.    Counsel for the Plaintiffs have been consulted and do not resist this motion.

WHEREFORE, Defendant Primary Health Care, Inc. requests an extension of time up to and including January 23, 2026 in which to move or plead in response to Plaintiff's Amended Petition at Law.

Respectfully submitted,

/s/ Brian J. Humke

_____
Brian J. Humke AT0003847
NYEMASTER GOODE, P.C.
1416 Buckeye Ave., Suite 200
Ames, Iowa 50010-8070
(515) 956-3911
bjh@nyemaster.com
Attorney for Defendant
Primary Health Care, Inc.

E-FILED        LACL158801 - 2025 NOV 24 06:58 PM    POLK
CLERK OF DISTRICT COURT        Page 1 of 2

## IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O., <br><br> Defendants. | **Case No. LACL158801** <br><br> **ORDER GRANTING UNRESISTED MOTION FOR EXTENSION OF TIME TO MOVE OR PLEAD** |

The Court reviews the Unresisted Motion for an Extension of Time to Move or Plead, which requests an extension of time up to and including January 23, 2026 for the Defendant Primary Health Care, Inc. to move or plead in response to Plaintiffs' Amended Petition at Law.  The Court notes that the Motion is not resisted by the attorneys for the Plaintiffs.

The Court finds that good cause exists to grant the extension of time.  Defendant Primary Health Care, Inc. shall have up to and including January 23, 2026 to move or plead in response to Plaintiffs' Amended Petition at Law.

E-FILED          LACL158801 - 2025 NOV 24 06:58 PM      POLK
                 CLERK OF DISTRICT COURT                Page 2 of 2



State of Iowa Courts

**Case Number**        **Case Title**
LACL158801             MICHAEL KELLY ET AL VS CATHOLIC HEALTH
                       INITIATIVES ET AL
**Type:**              OTHER ORDER

So Ordered

Samantha Gronewald, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2025-11-24 18:58:02

E-FILED  2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>        Plaintiffs,<br><br>v.<br><br>Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>        Defendants. | Case No. LACL158801<br><br><br>**DEFENDANT COMMON SPIRIT HEALTH'S ANSWER AND JURY DEMAND TO PLAINTIFF'S AMENDED PETITION AT LAW** |

**COMES NOW** Defendant Common Spirit Health and hereby submits an Answer to Plaintiff's Amended Petition at Law.

## PARTIES, JURISDICTION, and VENUE

1.    Defendant denies the allegations of paragraph 1 for lack of information.

2.    Defendant denies the allegations of paragraph 2 for lack of information.

3.    Defendant denies the allegations of paragraph 3 for lack of information.

4.    Defendant admits that Common Spirit Health is a corporate entity registered with the State of Iowa but otherwise deny the allegations of paragraph 4.

5.    Defendant denies the allegations of paragraph 5 for lack of information.

6.    Defendant denies the allegations of paragraph 6 for lack of information.

7.    Defendant denies the allegations of paragraph 7 for lack of information.

8.    Defendant denies the allegations of paragraph 8 for lack of information.

9.    Defendant denies the allegations of paragraph 9 for lack of information.

10.    Defendant denies the allegations contained in paragraph 10.

1

E-FILED  2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

11.	Defendant denies the allegations contained in paragraph 11.

12.	Defendant denies the allegations of paragraph 12.

13.	The allegations of paragraph 13 are not directed to this Defendant and therefore, are neither admitted nor denied. To the extent further response is required, Defendant denies the allegations contained in paragraph 13 for lack of information.

14.	Defendant denies the allegations contained in paragraph 14 as stating a legal conclusion.

15.	Defendant denies the allegations of paragraph 15.

16.	Defendant denies the allegations of paragraph 16.

17.	Defendant denies the allegations of paragraph 17.

18.	Defendant denies the allegations of paragraph 18.

19.	Defendant denies the allegations contained in Paragraph 19 for lack of information.

20.	Defendant denies the allegations contained in Paragraph 20 for lack of information but do not contest venue at this time.

## FACTS COMMON TO ALL CLAIMS

21.	 Defendant incorporates herein by this reference its answers to paragraphs 1-20 as if set forth herein in full.

22.	Defendant denies the allegations of paragraph 22 for lack of information.

23.	Defendant denies the allegations of paragraph 23 for lack of information.

24.	Defendant denies the allegations of paragraph 24 for lack of information.

25.	Defendant denies the allegations of paragraph 25 for lack of information.

26.	Defendant denies the allegations of paragraph 26 for lack of information.

27.	Defendant denies the allegations of paragraph 27 for lack of information.

28.	Defendant denies the allegations of paragraph 28 for lack of information.

E-FILED 2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

29.    Defendant denies the allegations of paragraph 29 for lack of information.

30.    Defendant denies the allegations of paragraph 30 for lack of information.

31.    Defendant denies the allegations of paragraph 31 for lack of information.

32.    Defendant denies the allegations of paragraph 32 for lack of information.

33.    Defendant denies the allegations of paragraph 33 for lack of information.

34.    Defendant denies the allegations of paragraph 34 for lack of information.

35.    Defendant denies the allegations of paragraph 35 for lack of information.

36.    Defendant denies the allegations of paragraph 36 for lack of information.

37.    Defendant denies the allegations of paragraph 37 for lack of information.

38.    Defendant denies the allegations of paragraph 38 for lack of information.

39.    Defendant denies the allegations of paragraph 39 for lack of information.

40.    Defendant denies it provided medical care of any kind to Ms. Kelly and denies the allegations of paragraph 40.

41.    Defendant denies it provided medical care of any kind to Ms. Kelly and denies the allegations of paragraph 41.

### COUNT I – MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANTS MERCYONE, COMMONSPIRIT HEALTH, AND THE CONSORTIUM

42.    Defendant incorporates herein by this reference its answers to paragraphs 1-41 as if set forth herein in full.

43.    Defendant denies the allegations of paragraph 43 for lack of information.

44.    Defendant Common Spirit Health denies it employed or had an agency relationship with Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 44.

45.    Defendant denies the allegations of paragraph 45 for lack of information.

3

E-FILED 2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

46.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations contained in paragraph 46.

47.     Defendant denies the allegations contained in paragraph 47, including subparagraphs a through e.

48.     Defendant denies the allegations contained in paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49.

50.     Defendant denies the allegations contained in paragraph 50.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MICHAEL KELLY AGAINST ALL DEFENDANTS

51.     Defendant incorporates herein by this reference its answers to paragraphs 1-50 as if set forth herein in full.

52.     Defendant denies the allegations of paragraph 52 for lack of information.

53.     Defendant denies the allegations of paragraph 53.

54.     Defendant denies the allegations of paragraph 54.

55.     Defendant denies the allegations of paragraph 55.

56.     Defendant denies the allegations of paragraph 56.

57.     Defendant denies the allegations of paragraph 57 for lack of information and as stating a legal conclusion.

58.     Defendant denies the allegations of paragraph 58.

59.     Defendant denies the allegations of paragraph 59.

60.     Defendant denies the allegations of paragraph 60.

61.     Defendant denies the allegations of paragraph 61.

62.     Defendant denies the allegations of paragraph 62.

63.     Defendant denies the allegations of paragraph 63.

4

E-FILED  2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

## COUNT III – NEGLIGENT HIRING, RETENTION, AND SUPERVISION AGAINST MERCYONE, COMMONSPIRIT HEALTH, AND THE CONSORTIUM

64.     Defendant incorporates herein by this reference its answers to paragraphs 1-63 as if set forth herein in full.

65.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 65.

66.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 66.

67.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 67.

68.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 68.

69.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 69.

70.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 70.

71.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 71.

72.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 72.

73.     Defendant Common Spirit Health denies it employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. and denies the allegations of paragraph 73.

E-FILED  2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

## COUNT IV – MEDICAL MALPRACTICE SURVIVAL ACTION AGAINST ALL DEFENDANTS BY DECEDENT'S SUCCESSOR IN INTEREST

74. Defendant incorporates herein by this reference its answers to paragraphs 1-73 as if set forth herein in full.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant denies the allegations of paragraph 77.

78. Defendant denies the allegations of paragraph 78.

79. Defendant denies the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Paragraph 81 does not contain allegations against Defendant warranting a response. To the extent a response is required, Defendant objects to paragraph 81 as stating a legal conclusion, and subject to said objections, denies the allegations of paragraph 81.

## COUNT V – MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT CHRISTOPHER STANCIC, M.D.

82. Defendant incorporates herein by this reference its answers to paragraphs 1-81 as if set forth herein in full.

83. The allegations of paragraph 83 are not directed to this Defendant and therefore, are neither admitted nor denied. To the extent further response is required, Defendant denies the allegations contained in paragraph 83 for lack of information.

84. The allegations of paragraph 84 are not directed to this Defendant and therefore, are neither admitted nor denied. To the extent further response is required, Defendant denies the allegations contained in paragraph 84 for lack of information.

85. Defendant denies the allegations contained in paragraph 85.

E-FILED  2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

86.    Defendant denies the allegations contained in paragraph 86, including subparagraphs a through e.

87.    Defendant denies the allegations of paragraph 87.

88.    Defendant denies the allegations of paragraph 88.

## COUNT VI – MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT LEATRICE OLSON, D.O.

89.    Defendant incorporates herein by this reference its answers to paragraphs 1-88 as if set forth herein in full.

90.    The allegations of paragraph 90 are not directed to this Defendant and therefore, are neither admitted nor denied. To the extent further response is required, Defendant denies the allegations contained in paragraph 90 for lack of information.

91.    The allegations of paragraph 91 are not directed to this Defendant and therefore, are neither admitted nor denied. To the extent further response is required, Defendant denies the allegations contained in paragraph 91 for lack of information.

92.    Defendant denies the allegations contained in paragraph 92.

93.    Defendant denies the allegations contained in paragraph 93, including subparagraphs a through e.

94.    Defendant denies the allegations of paragraph 94.

95.    Defendant denies the allegations of paragraph 95.

## COUNT VII – MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANT PRIMARY HEALTHCARE, INC.

96.    Defendant incorporates herein by this reference its answers to paragraphs 1-95 as if set forth herein in full.

97.     The allegations of paragraph 97 are not directed to this Defendant and therefore, are neither admitted nor denied. To the extent further response is required, Defendant denies the allegations contained in paragraph 97 as stating a legal conclusion.

98.     The allegations of paragraph 98 are not directed to this Defendant and therefore, are neither admitted nor denied. To the extent further response is required, Defendant denies the allegations contained in paragraph 98.

99.     Defendant denies the allegations contained in paragraph 99.

100.    Defendant denies the allegations contained in paragraph 100.

101.    Defendant denies the allegations of paragraph 101.

102.    Defendant denies the allegations of paragraph 102.

103.    Defendant denies the allegations of paragraph 103.

**WHEREFORE**, Defendant prays that Plaintiff's Petition against said Defendant be dismissed with the costs assessed against Plaintiff and for all other relief the Court deems proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.     Defendant affirmatively states that any and all medical care and treatment provided to Lila Kelly by this Defendant was in accordance with accepted medical practice and the standard of care.

3.     Defendant state that the cause or the sole proximate cause or superseding cause of the Plaintiff's alleged injuries and damages, if any, may have been a pre-existing medical condition and/or a subsequently occurring medical condition for which this Defendant are not responsible.

4.      The evidence may show that Plaintiff has failed to mitigate his claimed injuries or damages.

8

E-FILED  2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

5.      This case is governed by Chapter 668 of the Iowa Code and comparative fault principles apply.

6.      This lawsuit is barred by the statute of limitations.

7.      This case is governed by §147.136 and §147.136A of the Code of Iowa.

8.      Defendant will rely upon any and all defenses and positions available by application of Iowa Code section 147.136A and 147.140.

9.      Defendant reserve the right to raise additional defenses as may become available or appear through investigation or during the course of discovery.

10.     Count IV is contrary to Iowa's Wrongful Death Statute and otherwise barred by Iowa law.

**WHEREFORE** Defendant Common Spirit Health asks the court to Dismiss the Plaintiff's Petition at Law with costs assessed against the Plaintiff.

## JURY DEMAND

**COME NOW** the Defendant Common Spirit Health and demands a trial by jury in the above-captioned cause of action.

Respectfully submitted,

_/s/ Diana Kenney_
Frederick T. Harris                          AT0003198
Diana Kenney                                AT0015795
LAMSON DUGAN & MURRAY, LLP
1045 76th Street, Suite 3000
West Des Moines, IA 50266
Phone: (515) 513-5003
Email:  rharris@ldmlaw.com
           dkenney@ldmlaw.com
**ATTORNEYS FOR DEFENDANTS
CATHOLIC HEALTH INTIATIVES-
IOWA CORP. AND IOWA MEDICAL
EDUACTION COLLABORATIVE,
CHRISTOPHER STANCIC, M.D., AND
LEATRICE OLSON, D.O.**

Original efiled.

9

E-FILED  2025 NOV 25 3:07 PM POLK - CLERK OF DISTRICT COURT

EDMS Copy to:

Erin E. Jordan
Katie M. Naset
Hope Law Firm & Associates, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone: (515) 255-3559
Email:  erin.jordan@hopelawfirm.com
        katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/fax number/e-mail addresses as disclosed by the pleadings of record herein, on the 25th day of November 2025.

By:  ☐ U.S. Mail           ☐ FAX
     ☐ Email               ☐ Overnight Mail
     ☐ Hand Delivery       ☒ EDMS
     ☐ Certified Mail      ☐ Other: _____

/s/   Alana K. Archer

4903-3567-2955, v. 2

4903-3567-2955, v. 2

10

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>        Plaintiffs,<br><br>v.<br><br>Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>        Defendants. | Case No. LACL158801<br><br><br>**DEFENDANTS CATHOLIC HEALTH INTIATIVES-IOWA CORP. AND IOWA MEDICAL EDUACTION COLLABORATIVE, CHRISTOPHER STANCIC, M.D., AND LEATRICE OLSON, D.O.'S ANSWER AND JURY DEMAND TO PLAINTIFF'S AMENDED PETITION AT LAW** |

**COME NOW** Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Christopher Stancic, M.D., and Leatrice Olson, D.O., and hereby submit an Answer to Plaintiff's Amended Petition at Law.

## PARTIES, JURISDICTION, and VENUE

1.      Defendants deny the allegations of paragraph 1 for lack of information.

2.      Defendants deny the allegations of paragraph 2 for lack of information.

3.      Defendants admit Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center ("MercyOne") was an Iowa Corporation but otherwise deny the allegations of paragraph 3.

4.      Defendants admit that Common Spirit Health is a corporate entity registered with the Iowa secretary of state but otherwise deny the allegations of paragraph 4.

1

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

5.       Defendants admit Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium was an Iowa Corporation but otherwise deny the allegations of paragraph 5.

6.       The allegations of paragraph 6 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 6 for lack of information.

7.       Defendants admit Dr. Leatrice Olson is a physician licensed to practice medicine in the State of Iowa, but otherwise deny the allegations contained in paragraph 7 as overly broad, non-specific, and stating a legal conclusion.

8.       Defendants admit Dr. Christopher Stanic is a physician licensed to practice medicine in the State of Iowa, but otherwise deny the allegations contained in paragraph 8 as overly broad, non-specific, and stating a legal conclusion.

9.       Defendants deny the allegations of paragraph 9 as overly broad, non-specific, for lack of information, and stating a legal conclusion.

10.      Defendants admit MercyOne employed Christopher Stancic, M.D. and Leatrice Olson, D.O. Defendants otherwise deny the allegations contained in paragraph 10 for lack of information or otherwise stating a legal conclusion.

11.      Defendants deny the allegations contained in paragraph 11 for lack of information.

12.      Defendants deny the allegations of paragraph 12 for lack of information or otherwise stating a legal conclusion.

13.      The allegations of paragraph 13 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 13 for lack of information.

E-FILED 2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

14.     Defendants deny the allegations contained in paragraph 14 as stating a legal conclusion.

15.     Defendants object to Paragraph 15 as vague and ambiguous and as stating a legal conclusion, subject to these objections, these Defendants admit Dr. Olson and Dr. Stancic provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 15 as an incomplete summary of the care provided.

16.     Defendants object to Paragraph 16 as vague and ambiguous and as stating a legal conclusion, subject to these objections, these Defendants admit Dr. Olson and Dr. Stancic provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 16 as an incomplete summary of the care provided and as stating a legal conclusion. Defendants further state, the care and treatment provided to Ms. Kelly met and exceeded the applicable standard of care.

17.     Defendants object to Paragraph 17 as overly broad, vague and ambiguous, and as stating a legal conclusion. To the extent further response is required, Defendants deny the allegations contained in paragraph 17 for lack of information.

18.     Defendants object to Paragraph 18 as overly broad, vague and ambiguous, and as stating a legal conclusion. To the extent further response is required, Defendants deny the allegations contained in paragraph 18 for lack of information.

19.     Defendants deny the allegations contained in Paragraph 19 for lack of information.

20.     Defendants deny the allegations contained in Paragraph 20 for lack of information but do not contest venue at this time.

3

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

## FACTS COMMON TO ALL CLAIMS

21.    Defendants incorporate herein by this reference their answers to paragraphs 1-20 as if set forth herein in full.

22.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 22 as an incomplete summary of the care provided.

23.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 23 as an incomplete summary of the care provided.

24.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 24 as an incomplete summary of the care provided.

25.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 25 as an incomplete summary of the care provided.

26.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 26 as an incomplete summary of the care provided.

27.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 27 as an incomplete summary of the care provided.

28.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 28 as an incomplete summary of the care provided.

4

E-FILED 2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

29. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 29 as an incomplete summary of the care provided.

30. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 30 as an incomplete summary of the care provided.

31. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 31 as an incomplete summary of the care provided.

32. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 32 as an incomplete summary of the care provided.

33. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 33 as an incomplete summary of the care provided.

34. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 34 as an incomplete summary of the care provided.

35. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 35 as an incomplete summary of the care provided.

36. Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 36 as an incomplete summary of the care provided.

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

37.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 37 as an incomplete summary of the care provided.

38.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 38 as an incomplete summary of the care provided.

39.     Defendants deny the allegations contained in paragraph 39 for lack of information.

40.     Defendants deny the allegations of paragraph 40.

41.     Defendants deny the allegations of paragraph 41.

## COUNT I – MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANTS MERCYONE, COMMONSPIRIT HEALTH, AND THE CONSORTIUM

42.     Defendants incorporate herein by this reference their answers to paragraphs 1-41 as if set forth herein in full.

43.     Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 43 as an incomplete summary and inaccurate statement of the care provided.

44.     Defendants admit MercyOne employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. Defendants otherwise deny the remaining allegations contained in paragraph 44 as stating a legal conclusion.

45.     Defendants admit Dr. Christopher Stancic and Dr. Olson provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record. Defendants affirmatively state that the care and treatment provided to Ms. Kelly met and exceeded the standard of care.

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

46.    Defendants deny the allegations contained in paragraph 46.

47.    Defendants deny the allegations contained in paragraph 47, including subparagraphs a through e.

48.    Defendants deny the allegations contained in paragraph 48.

49.    Defendants deny the allegations contained in paragraph 49.

50.    Defendants deny the allegations contained in paragraph 50.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MICHAEL KELLY AGAINST ALL DEFENDANTS

51.    Defendants incorporate herein by this reference their answers to paragraphs 1-50 as if set forth herein in full.

52.    Defendants deny the allegations of paragraph 52 for lack of information.

53.    Defendants deny the allegations of paragraph 53.

54.    Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly and that the care and treatment provided to Ms. Kelly met and exceeded the standard of care. To the extent further response is required, Defendants deny the allegations contained in paragraph 54.

55.    Defendants deny the allegations of paragraph 55.

56.    Defendants deny the allegations of paragraph 56.

57.    Defendants deny the allegations of paragraph 57 for lack of information and as stating a legal conclusion.

58.    Defendants deny the allegations of paragraph 58.

59.    Defendants deny the allegations of paragraph 59.

60.    Defendants deny the allegations of paragraph 60.

61.    Defendants deny the allegations of paragraph 61.

62.    Defendants deny the allegations of paragraph 62.

7

E-FILED 2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

63.     Defendants deny the allegations of paragraph 63.

## COUNT III – NEGLIGENT HIRING, RETENTION, AND SUPERVISION AGAINST MERCYONE, COMMONSPIRIT HEALTH, AND THE CONSORTIUM

64.     Defendants incorporate herein by this reference their answers to paragraphs 1-63 as if set forth herein in full.

65.     Defendants deny the allegations of paragraph 65.

66.     Defendants deny the allegations of paragraph 66.

67.     Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants deny the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants admit MercyOne employed Christopher Stancic, M.D. and Leatrice Olson, D.O. and that all times material hereto they acted within the scope of their employment, and that the care they provided to Ms. Kelly met and exceeded the standard of care, but otherwise deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants deny the allegations of paragraph 73.

## COUNT IV – MEDICAL MALPRACTICE SURVIVAL ACTION AGAINST ALL DEFENDANTS BY DECEDENT'S SUCCESSOR IN INTEREST

74.     Defendants incorporate herein by this reference their answers to paragraphs 1-73 as if set forth herein in full.

75.     Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 75 as an incomplete summary and inaccurate statement of the care provided.

8

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Paragraph 81 does not contain allegations against Defendants warranting a response. To the extent a response is required, Defendants object to paragraph 81 as stating a legal conclusion, and subject to said objections, deny the allegations of paragraph 81.

## COUNT V – MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT CHRISTOPHER STANCIC, M.D.

82.     Defendants incorporate herein by this reference their answers to paragraphs 1-81 as if set forth herein in full.

83.     Defendants admit Dr. Christopher Stancic, M.D. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 83 as an incomplete summary and inaccurate statement of the care provided.

84.     Defendants admit Dr. Christopher Stancic, M.D. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 84 as an incomplete summary and inaccurate statement of the care provided. Defendants further state, Dr. Stancic, at all times material hereto, met and exceeded the standard of care.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants deny the allegations of paragraph 86, including subparagraphs a through e.

87.     Defendants deny the allegations of paragraph 87.

9

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

88.    Defendants deny the allegations of paragraph 88.

## COUNT VI – MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT LEATRICE OLSON, D.O.

89.    Defendants incorporate herein by this reference their answers to paragraphs 1-88 as if set forth herein in full.

90.    Defendants admit Dr. Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 90 as an incomplete summary and inaccurate statement of the care provided.

91.    Defendants admit Dr. Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 91 as an incomplete summary and inaccurate statement of the care provided. Defendants further state, Dr. Olson, at all times material hereto, met and exceeded the standard of care.

92.    Defendants deny the allegations of paragraph 92.

93.    Defendants deny the allegations of paragraph 93, including subparagraphs a through e.

94.    Defendants deny the allegations of paragraph 94.

95.    Defendants deny the allegations of paragraph 95.

## COUNT VII – MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANT PRIMARY HEALTHCARE, INC.

96.    Defendants incorporate herein by this reference their answers to paragraphs 1-95 as if set forth herein in full.

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

97.     The allegations of paragraph 97 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 97 as stating a legal conclusion.

98.     The allegations of paragraph 98 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 98 as stating a legal conclusion.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102.

103.    Defendants deny the allegations of paragraph 103.

**WHEREFORE**, Defendants pray that Plaintiff's Petition against said Defendants be dismissed with the costs assessed against Plaintiff and for all other relief the Court deems proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.     Defendants affirmatively state that any and all medical care and treatment provided to Lila Kelly by these Defendants was in accordance with accepted medical practice and the standard of care.

3.     Defendants state that the cause or the sole proximate cause or superseding cause of the Plaintiff's alleged injuries and damages, if any, may have been a pre-existing medical condition and/or a subsequently occurring medical condition for which these Defendants are not responsible.

4.      The evidence may show that Plaintiff has failed to mitigate his claimed injuries or damages.

11

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

5.      This case is governed by Chapter 668 of the Iowa Code and comparative fault principles apply.

6.      This lawsuit is barred by the statute of limitations.

7.      This case is governed by §147.136 and §147.136A of the Code of Iowa.

8.      Defendants will rely upon any and all defenses and positions available by application of Iowa Code section 147.136A and 147.140.

9.      Defendants reserve the right to raise additional defenses as may become available or appear through investigation or during the course of discovery.

10.     Count IV is contrary to Iowa's Wrongful Death Statute and otherwise barred by Iowa law.

**WHEREFORE**, Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Christopher Stanic, M.D. and Leatrice Olson, D.O., ask the court to Dismiss the Plaintiff's Petition at Law with costs assessed against the Plaintiff.

**JURY DEMAND**

**COME NOW** the Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Christopher Stanic, M.D. and Leatrice Olson, D.O., and demand a trial by jury in the above-captioned cause of action.

Respectfully submitted,

*/s/ Diana Kenney*

Frederick T. Harris                     AT0003198
Diana Kenney                            AT0015795
LAMSON DUGAN & MURRAY, LLP
1045 76th Street, Suite 3000
West Des Moines, IA 50266
Phone: (515) 513-5003
Email: rharris@ldmlaw.com

12

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

dkenney@ldmlaw.com
**ATTORNEYS FOR DEFENDANTS**
**CATHOLIC HEALTH INTIATIVES-**
**IOWA CORP. AND IOWA MEDICAL**
**EDUACTION COLLABORATIVE,**
**CHRISTOPHER STANCIC, M.D., AND**
**LEATRICE OLSON, D.O.**

Original efiled.

EDMS Copy to:

Erin E. Jordan
Katie M. Naset
Hope Law Firm & Associates, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone: (515) 255-3559
Email: erin.jordan@hopelawfirm.com
      katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/fax number/e-mail addresses as disclosed by the pleadings of record herein, on the 25th day of November 2025.

By:  ☐ U.S. Mail      ☐ FAX
     ☐ Email       ☐ Overnight Mail
     ☐ Hand Delivery   ☒ EDMS
     ☐ Certified Mail    ☐ Other: _____

*/s/  Alana K. Archer*  _____

4902-3572-9787, v. 2

13

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>      Plaintiffs,<br><br>v.<br><br>Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>      Defendants. | Case No. LACL158801<br><br><br>**DEFENDANTS CATHOLIC HEALTH INITIATIVES-IOWA CORP. AND IOWA MEDICAL EDUACTION COLLABORATIVE, CHRISTOPHER STANCIC, M.D., AND LEATRICE OLSON, D.O.'S ANSWER AND JURY DEMAND TO PLAINTIFF'S AMENDED PETITION AT LAW** |

**COME NOW** Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Christopher Stancic, M.D., and Leatrice Olson, D.O., and hereby submit an Answer to Plaintiff's Amended Petition at Law.

## PARTIES, JURISDICTION, and VENUE

1.    Defendants deny the allegations of paragraph 1 for lack of information.

2.    Defendants deny the allegations of paragraph 2 for lack of information.

3.    Defendants admit Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center ("MercyOne") was an Iowa Corporation but otherwise deny the allegations of paragraph 3.

4.    Defendants admit that Common Spirit Health is a corporate entity registered with the Iowa secretary of state but otherwise deny the allegations of paragraph 4.

1

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

5.      Defendants admit Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium was an Iowa Corporation but otherwise deny the allegations of paragraph 5.

6.      The allegations of paragraph 6 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 6 for lack of information.

7.      Defendants admit Dr. Leatrice Olson is a physician licensed to practice medicine in the State of Iowa, but otherwise deny the allegations contained in paragraph 7 as overly broad, non-specific, and stating a legal conclusion.

8.      Defendants admit Dr. Christopher Stanic is a physician licensed to practice medicine in the State of Iowa, but otherwise deny the allegations contained in paragraph 8 as overly broad, non-specific, and stating a legal conclusion.

9.      Defendants deny the allegations of paragraph 9 as overly broad, non-specific, for lack of information, and stating a legal conclusion.

10.      Defendants admit MercyOne employed Christopher Stancic, M.D. and Leatrice Olson, D.O. Defendants otherwise deny the allegations contained in paragraph 10 for lack of information or otherwise stating a legal conclusion.

11.      Defendants deny the allegations contained in paragraph 11 for lack of information.

12.      Defendants deny the allegations of paragraph 12 for lack of information or otherwise stating a legal conclusion.

13.      The allegations of paragraph 13 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 13 for lack of information.

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

14. Defendants deny the allegations contained in paragraph 14 as stating a legal conclusion.

15. Defendants object to Paragraph 15 as vague and ambiguous and as stating a legal conclusion, subject to these objections, these Defendants admit Dr. Olson and Dr. Stancic provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 15 as an incomplete summary of the care provided.

16. Defendants object to Paragraph 16 as vague and ambiguous and as stating a legal conclusion, subject to these objections, these Defendants admit Dr. Olson and Dr. Stancic provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 16 as an incomplete summary of the care provided and as stating a legal conclusion. Defendants further state, the care and treatment provided to Ms. Kelly met and exceeded the applicable standard of care.

17. Defendants object to Paragraph 17 as overly broad, vague and ambiguous, and as stating a legal conclusion. To the extent further response is required, Defendants deny the allegations contained in paragraph 17 for lack of information.

18. Defendants object to Paragraph 18 as overly broad, vague and ambiguous, and as stating a legal conclusion. To the extent further response is required, Defendants deny the allegations contained in paragraph 18 for lack of information.

19. Defendants deny the allegations contained in Paragraph 19 for lack of information.

20. Defendants deny the allegations contained in Paragraph 20 for lack of information but do not contest venue at this time.

3

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

## FACTS COMMON TO ALL CLAIMS

21.    Defendants incorporate herein by this reference their answers to paragraphs 1-20 as if set forth herein in full.

22.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 22 as an incomplete summary of the care provided.

23.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 23 as an incomplete summary of the care provided.

24.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 24 as an incomplete summary of the care provided.

25.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 25 as an incomplete summary of the care provided.

26.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 26 as an incomplete summary of the care provided.

27.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 27 as an incomplete summary of the care provided.

28.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 28 as an incomplete summary of the care provided.

4

E-FILED 2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

29.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 29 as an incomplete summary of the care provided.

30.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 30 as an incomplete summary of the care provided.

31.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 31 as an incomplete summary of the care provided.

32.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 32 as an incomplete summary of the care provided.

33.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 33 as an incomplete summary of the care provided.

34.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 34 as an incomplete summary of the care provided.

35.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 35 as an incomplete summary of the care provided.

36.     Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 36 as an incomplete summary of the care provided.

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

37.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 37 as an incomplete summary of the care provided.

38.    Defendants admit they provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 38 as an incomplete summary of the care provided.

39.    Defendants deny the allegations contained in paragraph 39 for lack of information.

40.    Defendants deny the allegations of paragraph 40.

41.    Defendants deny the allegations of paragraph 41.

### COUNT I – MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANTS MERCYONE, COMMONSPIRIT HEALTH, AND THE CONSORTIUM

42.    Defendants incorporate herein by this reference their answers to paragraphs 1-41 as if set forth herein in full.

43.    Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 43 as an incomplete summary and inaccurate statement of the care provided.

44.    Defendants admit MercyOne employed Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. Defendants otherwise deny the remaining allegations contained in paragraph 44 as stating a legal conclusion.

45.    Defendants admit Dr. Christopher Stancic and Dr. Olson provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record. Defendants affirmatively state that the care and treatment provided to Ms. Kelly met and exceeded the standard of care.

6

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

46.    Defendants deny the allegations contained in paragraph 46.

47.    Defendants deny the allegations contained in paragraph 47, including subparagraphs a through e.

48.    Defendants deny the allegations contained in paragraph 48.

49.    Defendants deny the allegations contained in paragraph 49.

50.    Defendants deny the allegations contained in paragraph 50.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS MICHAEL KELLY AGAINST ALL DEFENDANTS

51.    Defendants incorporate herein by this reference their answers to paragraphs 1-50 as if set forth herein in full.

52.    Defendants deny the allegations of paragraph 52 for lack of information.

53.    Defendants deny the allegations of paragraph 53.

54.    Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly and that the care and treatment provided to Ms. Kelly met and exceeded the standard of care. To the extent further response is required, Defendants deny the allegations contained in paragraph 54.

55.    Defendants deny the allegations of paragraph 55.

56.    Defendants deny the allegations of paragraph 56.

57.    Defendants deny the allegations of paragraph 57 for lack of information and as stating a legal conclusion.

58.    Defendants deny the allegations of paragraph 58.

59.    Defendants deny the allegations of paragraph 59.

60.    Defendants deny the allegations of paragraph 60.

61.    Defendants deny the allegations of paragraph 61.

62.    Defendants deny the allegations of paragraph 62.

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

63. Defendants deny the allegations of paragraph 63.

## COUNT III – NEGLIGENT HIRING, RETENTION, AND SUPERVISION AGAINST MERCYONE, COMMONSPIRIT HEALTH, AND THE CONSORTIUM

64. Defendants incorporate herein by this reference their answers to paragraphs 1-63 as if set forth herein in full.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants admit MercyOne employed Christopher Stancic, M.D. and Leatrice Olson, D.O. and that all times material hereto they acted within the scope of their employment, and that the care they provided to Ms. Kelly met and exceeded the standard of care, but otherwise deny the allegations contained in paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

## COUNT IV – MEDICAL MALPRACTICE SURVIVAL ACTION AGAINST ALL DEFENDANTS BY DECEDENT'S SUCCESSOR IN INTEREST

74. Defendants incorporate herein by this reference their answers to paragraphs 1-73 as if set forth herein in full.

75. Defendants admit Dr. Christopher Stancic, M.D. and Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 75 as an incomplete summary and inaccurate statement of the care provided.

8

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Paragraph 81 does not contain allegations against Defendants warranting a response. To the extent a response is required, Defendants object to paragraph 81 as stating a legal conclusion, and subject to said objections, deny the allegations of paragraph 81.

**COUNT V – MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT CHRISTOPHER STANCIC, M.D.**

82. Defendants incorporate herein by this reference their answers to paragraphs 1-81 as if set forth herein in full.

83. Defendants admit Dr. Christopher Stancic, M.D. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 83 as an incomplete summary and inaccurate statement of the care provided.

84. Defendants admit Dr. Christopher Stancic, M.D. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 84 as an incomplete summary and inaccurate statement of the care provided. Defendants further state, Dr. Stancic, at all times material hereto, met and exceeded the standard of care.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86, including subparagraphs a through e.

87. Defendants deny the allegations of paragraph 87.

9

88.     Defendants deny the allegations of paragraph 88.

## COUNT VI – MEDICAL MALPRACTICE WRONGFUL DEATH AGAINST DEFENDANT LEATRICE OLSON, D.O.

89.     Defendants incorporate herein by this reference their answers to paragraphs 1-88 as if set forth herein in full.

90.     Defendants admit Dr. Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 90 as an incomplete summary and inaccurate statement of the care provided.

91.     Defendants admit Dr. Leatrice Olson, D.O. provided care and treatment to Ms. Kelly, the care and treatment provided is summarized in greater detail in the medical record, but otherwise deny the allegations of paragraph 91 as an incomplete summary and inaccurate statement of the care provided. Defendants further state, Dr. Olson, at all times material hereto, met and exceeded the standard of care.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93, including subparagraphs a through e.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

## COUNT VII – MEDICAL MALPRACTICE WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANT PRIMARY HEALTHCARE, INC.

96.     Defendants incorporate herein by this reference their answers to paragraphs 1-95 as if set forth herein in full.

10

97.     The allegations of paragraph 97 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 97 as stating a legal conclusion.

98.     The allegations of paragraph 98 are not directed to these Defendants and therefore, are neither admitted nor denied. To the extent further response is required, Defendants deny the allegations contained in paragraph 98 as stating a legal conclusion.

99.     Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102.

103.    Defendants deny the allegations of paragraph 103.

**WHEREFORE**, Defendants pray that Plaintiff's Petition against said Defendants be dismissed with the costs assessed against Plaintiff and for all other relief the Court deems proper.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Petition fails to state a claim upon which relief may be granted.

2.     Defendants affirmatively state that any and all medical care and treatment provided to Lila Kelly by these Defendants was in accordance with accepted medical practice and the standard of care.

3.     Defendants state that the cause or the sole proximate cause or superseding cause of the Plaintiff's alleged injuries and damages, if any, may have been a pre-existing medical condition and/or a subsequently occurring medical condition for which these Defendants are not responsible.

4.      The evidence may show that Plaintiff has failed to mitigate his claimed injuries or damages.

11

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

5.      This case is governed by Chapter 668 of the Iowa Code and comparative fault principles apply.

6.      This lawsuit is barred by the statute of limitations.

7.      This case is governed by §147.136 and §147.136A of the Code of Iowa.

8.      Defendants will rely upon any and all defenses and positions available by application of Iowa Code section 147.136A and 147.140.

9.      Defendants reserve the right to raise additional defenses as may become available or appear through investigation or during the course of discovery.

10.     Count IV is contrary to Iowa's Wrongful Death Statute and otherwise barred by Iowa law.

**WHEREFORE**, Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Christopher Stanic, M.D. and Leatrice Olson, D.O., ask the court to Dismiss the Plaintiff's Petition at Law with costs assessed against the Plaintiff.

<u>**JURY DEMAND**</u>

**COME NOW** the Defendants Catholic Health Initiatives-Iowa Corp. d/b/a MercyOne Des Moines Medical Center and Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Christopher Stanic, M.D. and Leatrice Olson, D.O., and demand a trial by jury in the above-captioned cause of action.

Respectfully submitted,

*/s/ Diana Kenney*
Frederick T. Harris                    AT0003198
Diana Kenney                          AT0015795
LAMSON DUGAN & MURRAY, LLP
1045 76th Street, Suite 3000
West Des Moines, IA 50266
Phone: (515) 513-5003
Email: rharris@ldmlaw.com

12

E-FILED  2025 NOV 25 3:11 PM POLK - CLERK OF DISTRICT COURT

dkenney@ldmlaw.com
**ATTORNEYS FOR DEFENDANTS**
**CATHOLIC HEALTH INTIATIVES-**
**IOWA CORP. AND IOWA MEDICAL**
**EDUACTION COLLABORATIVE,**
**CHRISTOPHER STANCIC, M.D., AND**
**LEATRICE OLSON, D.O.**

Original efiled.


EDMS Copy to:

Erin E. Jordan
Katie M. Naset
Hope Law Firm & Associates, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone: (515) 255-3559
Email:  erin.jordan@hopelawfirm.com
          katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/fax number/e-mail addresses as disclosed by the pleadings of record herein, on the 25th day of November 2025.

By:  ☐ U.S. Mail          ☐ FAX
     ☐ Email              ☐ Overnight Mail
     ☐ Hand Delivery      ☒ EDMS
     ☐ Certified Mail     ☐ Other: _____

/s/   Alana K. Archer _____

4902-3572-9787, v. 2

13

E-FILED  2026 JAN 22 3:39 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>Defendants. | Case No. LACL158801<br><br>UNRESISTED MOTION FOR EXTENSION OF TIME TO MOVE OR PLEAD AND TO RESPOND TO PLAINTIFFS' AMENDED PETITION |

COMES NOW Defendant Primary Health Care, Inc. and hereby moves for an Extension of Time to Move or Plead, requesting an extension of time up to and including March 24, 2026 to move or plead in response to Plaintiffs' Amended Petition at Law.  In support of its motion, Defendant states as follows:

1.   Defendant Primary Health Care, Inc. was served with an Amended Petition and Original Notice in this matter on or about November 4, 2025.

2.   The Court previously granted an extension of time to January 23, 2026 for Defendant Primary Health Care Inc. to file an Answer or responsive pleading

3.   An action against Primary Health Care, Inc. is subject to the Federal Tort Claims Act and will be defended by the Office of the General Counsel, U.S. Department of Health and Human Services and the Department of Justice.

4.   Defendant Primary Health Care, Inc. has notified the U.S. Department of

E-FILED  2026 JAN 22 3:39 PM POLK - CLERK OF DISTRICT COURT

Health and Human Services of the filing of the suit and forwarded a copy of the Amended Petition and Original Notice to the appropriate entity.

5.  The Department has assigned an attorney to the matter but she has been out of the office on medical leave.

6.  Additional time is needed for the Defendant Primary Health Care, Inc. to move or plead regarding Plaintiff's Amended Petition.

7.  Counsel for the Plaintiffs and other Defendants have been consulted and do not resist this motion.

WHEREFORE, Defendant Primary Health Care, Inc. requests an extension of time up to and including March 24, 2026 in which to move or plead in response to Plaintiff's Amended Petition at Law.

Respectfully submitted,

/s/ Brian J. Humke

_____

Brian J. Humke AT0003847
NYEMASTER GOODE, P.C.
1416 Buckeye Ave., Suite 200
Ames, Iowa 50010-8070
(515) 956-3911
bjh@nyemaster.com
Attorney for Defendant
Primary Health Care, Inc.

E-FILED 2026 JAN 24 11:45 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>Defendants. | CASE NO. LACL158801<br><br>CERTIFICATE OF MERIT REGARDING DEFENDANT LEATRICE OLSON, D.O. |

In compliance with Iowa Code Section 147.140, Jessica Anchor-Samuels, M.D., does hereby affirm and state, under oath, as follows:

1. I am a physician licensed and in good standing in the Commonwealth of Massachusetts to practice medicine in the area of internal medicine, the same or substantially similar field as Defendant Leatrice Olson, D.O. At the time of the events alleged in this case, Leatrice Olson, D.O. was providing services as internal medicine physicians.

2. I have never had my license revoked or suspended in any state.

3. In the five (5) years prior to May 2, 2022, and until now, I have actively practiced medicine in the area of internal medicine, the same or substantially similar field as Defendant Leatrice Olson, D.O.

4. I am board certified by the American Board of Internal Medicine, which provides board certification in the same or substantially similar field as Defendant Leatrice Olson, D.O.

5. I am familiar with the applicable standard of care relating to the care and treatment of patients presenting in the condition that Lila Kelly did on May 2, 2022.

6. Defendant Leatrice Olson, D.O., breached the applicable standard of care in one or more of the following manners:

Docusign Envelope ID: 4A9A6279-010E-4126-96DC-BE893627A27D    Case 4:26-cv-00129-RGE-HCA    Document 2-1    Filed 03/24/26    Page 118 of 124

E-FILED  2026 JAN 24 11:45 AM POLK - CLERK OF DISTRICT COURT

i.   Dr. Olson failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment of her acutely low oxygen saturation levels.

ii.  Dr. Olson failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her acutely low oxygen saturation levels.

iii. Dr. Olson failed to properly or appropriately evaluate and treat Lila for hypoxemia.

iv.  Dr. Olson failed to identify and treat the source or cause of Lila's hypoxemia.

v.   Dr. Olson failed to urgently consult with radiology to review and discuss the chest xray results before deciding to send Lila home with severe hypoxemia.

vi.  Dr. Olson failed to urgently consult with pulmonology to review and discuss Lila's condition before deciding to send Lila home with severe hypoxemia.

vii. Dr. Olson otherwise failed to exercise the ordinary care and skill in keeping with their profession, and in the areas of the profession in which they specialized, and in the manner in which they diagnosed, cared for, treated, and otherwise rendered care to Lila Kelly.

7.   I have reviewed the Petition filed in this case along with medical records regarding the subject medical care.

8.   Based upon my review of the medical records of Lila Kelly leading up to her death on or about May 4, 2022, to a reasonable degree of medical certainty, Defendant Leatrice Olson, D.O., breached the standard of care causing injury to and the death of Lila Kelly.

9.   I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct.

Dated this _1/23/2026_____.

Signed by:

Jessica Anchor-Samuels

8EAF4F14FAB048D...

Jessica Anchor-Samuels, M.D.

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, Michael Kelly as Successor in Interest of Lila Kelly, and Michael Kelly, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium, Primary Healthcare, Inc., Christopher Stancic, M.D., and Leatrice Olson, D.O.,<br><br>Defendants. | CASE NO. LACL158801<br><br><br>CERTIFICATE OF MERIT REGARDING DEFENDANT PRIMARY HEALTHCARE, INC. |

In compliance with Iowa Code Section 147.140, Jessica Anchor-Samuels, M.D., does hereby affirm and state, under oath, as follows:

1.  I am a physician licensed and in good standing in the Commonwealth of Massachusetts to practice medicine in the area of internal medicine, the same or substantially similar field as Defendant Primary Healthcare, Inc., by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.  At the time of the events alleged in this case, Leatrice Olson, D.O. and Christopher Stancic, M.D. were providing services as internal medicine physicians.

2.  I have never had my license revoked or suspended in any state.

3.  In the five (5) years prior to May 2, 2022, and until now, I have actively practiced medicine in the area of internal medicine, the same or substantially similar field as Defendant Primary Healthcare, Inc, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.

4.  I am board certified by the American Board of Internal Medicine, which provides board certification in the same or substantially similar field as Defendant Primary Healthcare, Inc, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff.

5.  I am familiar with the applicable standard of care relating to the care and treatment of patients presenting in the condition that Lila Kelly did on May 2, 2022.

E-FILED  2026 JAN 24 11:45 AM POLK - CLERK OF DISTRICT COURT

6.      Defendant Primary Healthcare, Inc, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff breached the applicable standard of care in one or more of the following manners:

i.      Dr. Olson and Dr. Stancic failed to order emergency transport for Lila to take her to a nearby emergency room for evaluation and treatment of her acutely low oxygen saturation levels.

ii.     Dr. Olson and Dr. Stancic failed to advise Lila to immediately present to a nearby emergency room for evaluation and treatment for her acutely low oxygen saturation levels.

iii.    Dr. Olson and Dr. Stancic failed to properly or appropriately evaluate and treat Lila for hypoxemia.

iv.     Dr. Olson and Dr. Stancic failed to identify and treat the source or cause of Lila's hypoxemia.

v.      Dr. Olson and Dr. Stancic failed to urgently consult with radiology to review and discuss the chest xray results before deciding to send Lila home with severe hypoxemia.

vi.     Dr. Olson and Dr. Stancic failed to urgently consult with pulmonology to review and discuss Lila's condition before deciding to send Lila home with severe hypoxemia.

vii.    Dr. Olson and Dr. Stancic otherwise failed to exercise the ordinary care and skill in keeping with their profession, and in the areas of the profession in which they specialized, and in the manner in which they diagnosed, cared for, treated, and otherwise rendered care to Lila Kelly.

7.      I have reviewed the Petition filed in this case along with medical records regarding the subject medical care.

8.      Based upon my review of the medical records of Lila Kelly leading up to her death on or about May 4, 2022, to a reasonable degree of medical certainty, Defendant Primary Healthcare, Inc, by and through its agents, servants and/or employees including but not limited to Leatrice Olson, D.O. and Christopher Stancic, M.D., as well as other healthcare staff, breached the standard of care causing injury to and the death of Lila Kelly.

9.      I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct.

Dated this _____.
1/23/2026

Signed by:

*Jessica Anchor-Samuels*

8EAF4E14FAB048D...

Jessica Anchor-Samuels, M.D.

E-FILED  2026 JAN 30 4:33 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, and Michael Kelly as Successor in Interest of Lila Kelly,<br><br>Plaintiff,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | CASE NO. LACL158801<br><br><br>MOTION TO EXTEND EXPERT WITNESS DESIGNATION AND DISCLOSURE DEADLINES (NOT RESISTED) |

COMES NOW Plaintiff, Michael Kelly, as Personal Representative of the Estate of Lila Kelly, and Michael Kelly, individually and as Successor in Interest of Lila Kelly, and hereby states in support of his motion to extend expert witness designation and disclosure deadlines, states as follows:

1. At present, Plaintiff is due to designate and disclose expert witnesses by February 1, 2026, and Defendants are due to designate and disclose expert witnesses by May 1, 2026.

2. This is a complex medical malpractice action that involves Defendants covered by the Federal Tort Claims Act, which often significantly extends litigation timelines due to the Plaintiff's requirement to exhaust the remedies outlined in the FTCA prior to filing suit. Counsel for the Department of Health and Human Services, who will represent the FTCA covered Defendants has not yet appeared in this matter, and the deadline for HHS to file their answer has been extended to accommodate medical leave of counsel for HHS. Attorney Brian Humke is representing the federal defendants until such time as counsel for HHS appears and answers in this case.

3. The Mercy Defendants are represented by attorney Rick Harris, who agrees with Plaintiff that the expert witness designation and disclosure deadlines should be extended to allow Plaintiffs to designate and disclose expert witnesses by September 1, 2026 and allows the Defendants to designate and disclose expert witnesses by

E-FILED  2026 JAN 30 4:33 PM POLK - CLERK OF DISTRICT COURT

December 1, 2026.  Attorney Brian Humke indicated that he does not object to this agreement on behalf of HHS.

4. Trial in this matter is scheduled to commence September 14, 2026.  A motion to continue trial will be forthcoming, however the parties are waiting until counsel for HHS appears and answers the petition so that HHS counsel can participate in the trial scheduling conference.

WHEREFORE, the Plaintiff respectfully requests that the court grant this unresisted motion, and for any and all further relief that the court deems appropriate under the circumstances.

Respectfully submitted,

/s/ *Katie M. Naset*
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
HOPE LAW FIRM & ASSOCIATES, PC
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone: (515) 255-3559
Facsimile: (515) 243-2433
Email: erin.jordan@hopelawfirm.com
Email: katie@hopelawfirm.com

***ATTORNEYS FOR PLAINTIFFS***

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on January 30, 2026 by:

| | | |
|---|---|---|
| _____ U.S. Mail | _____ Hand Delivery |
| _____ Fax | _____ Overnight |
| _____ Email | _____ Other |
| _X___ Electronically via EDMS | |

Signature: _____ */s/ Katie M. Naset* _____

E-FILED          LACL158801 - 2026 FEB 04 10:48 AM          POLK
CLERK OF DISTRICT COURT                    Page 1 of 2

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Michael Kelly, as Administrator of the Estate of Lila Kelly, and Michael Kelly as Successor in Interest of Lila Kelly,<br><br>Plaintiff,<br><br>vs.<br><br>Catholic Health Initiatives – Iowa Corp. d/b/a MercyOne Des Moines Medical Center; Common Spirit Health; Iowa Medical Education Collaborative d/b/a MercyOne Des Moines/PHC Consortium<br><br>Defendants. | Case No. LACL158801<br><br><br><br>**ORDER GRANTING UNOPPOSED MOTION TO EXTEND EXPERT WITNESS DESIGNATION AND DISCLOSURE DEADLINES** |

Before the court is Plaintiff's unopposed Motion to Extend Expert Witness Designation and Disclosure Deadlines (the Motion). Upon reviewing the Motion and the remainder of the court file, the court finds the Motion is supported by good cause and should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Motion is granted. Plaintiff shall designate and disclose expert witnesses by September 1, 2026, and Defendants shall designate and disclose expert witnesses by December 1, 2026.

E-FILED          LACL158801 - 2026 FEB 04 10:48 AM          POLK
                 CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

**Case Number**        **Case Title**
LACL158801             MICHAEL KELLY ET AL VS CATHOLIC HEALTH
                       INITIATIVES ET AL
**Type:**              OTHER ORDER

So Ordered

Jeanie K. Vaudt

Jeanie K. Vaudt, District Court Judge
Fifth Judicial District of Iowa

Electronically signed on 2026-02-04 10:48:33